FILED

2009 NOV -5  PM 3: 43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1   ELIZABETH STAGGS WILSON, Bar No. 183160
    email: estaggs-wilson@littler.com
2   DOMINIC J. MESSIHA, Bar No. 204544
    e-mail: dmessiha@littler.com
3   CORINN JACKSON, Bar No. 239275
    email:  cjackson@littler.com
4   LITTLER MENDELSON
    A Professional Corporation
5   2049 Century Park East, Fifth Floor
    Los Angeles, CA  90067.3107
6   Telephone:  310.553.0308
    Facsimile:   310.553.5583
7
    Attorneys for Defendant
8   PARAGON SYSTEMS, INC.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  DONALD SCHWEINSBURG,                    Case No.
    individually, and on behalf of all others
13  similarly situated,                     **CV09-8139 PSG (JCx)**

14                      Plaintiffs,         **DEFENDANT PARAGON
                                            SYSTEMS, INC.'S NOTICE OF**
15          v.                              **REMOVAL OF CIVIL ACTION TO
                                            FEDERAL COURT PURSUANT TO**
16  PARAGON SYSTEMS, INC., dba              **28 U.S.C. SECTIONS 1332 AND 1441**
    PARASYS, INC., and DOES 1 through
17  100, inclusive,,                        [28 U.S.C. §§ 1332 and 1441]

18                      Defendants.         Trial Date:  None set.
                                            Complaint Filed:  September 28, 2009
19                                          (Los Angeles Superior Court)

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE that Defendant Paragon Systems, Inc. ("Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act), 1441(b) and 1332(a)(2) (Diversity of Citizenship), specifically, on the following grounds:

**I.**

**<u>JURISDICTION AND VENUE ARE PROPER.</u>**

**A.      Jurisdiction Under The Class Action Fairness Act**

1.      On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was enacted. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

2.      This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: 1) the proposed class contains at least 100 members; 2) the primary defendants are not states, state officials or other governmental entities; 3) the total amount in controversy for all class members exceeds $5 million and; 4) there is diversity between at least one class member and one defendant.

3.      CAFA's minimal diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2.

1   plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one

2   plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.

3       4.    Here, the proposed class contains at least 100 members, the total amount

4   in controversy exceeds $5 million, and there is diversity between at least one class

5   member and one defendant.

6       **B.**    **Diversity of Citizenship Jurisdiction**

7       5.    This Court also has original jurisdiction under 28 U.S.C. section

8   1332(a)(2), and this case may be removed pursuant to the provisions of 28 U.S.C.

9   section 1441(a), in that it is a civil action wherein the amount in controversy for the

10   named plaintiff exceeds the sum of seventy five thousand dollars ($75,000), exclusive

11   of interest and costs, and it is between "citizens of a State and citizens or subjects of a

12   foreign state."   As set forth below, this case also meets all of Section 1332's

13   requirements for removal and is timely and properly removed by the filing of this

14   Notice.

15   **II.**    **STATUS OF THE PLEADINGS.**

16       6.    This lawsuit arises out of Plaintiff Donald Schweinsburg's ("Plaintiff")

17   employment with Defendant.  On September 28, 2009, Plaintiff filed a Complaint in

18   the Superior Court of the State of California, County of Los Angeles, entitled

19   DONALD SCHWEINSBURG, INDIVIDUALLY AND ON BEHALF OF ALL

20   OTHERS SIMILARLY-SITUATED, PLAINTIFF v. PARAGON SYSTEMS, INC.

21   DBA PARASYS, INC., AND DOES 1 THROUGH 100, INCLUSIVE,

22   DEFENDANT, designated as Case No. BC422721.   The Complaint asserts the

23   following claims for relief: (1) Failure to Provide Meal and/or Rest Breaks (Labor

24   Code §§ 226.7, 512); (2) Failure to Provide Accurate Itemized Wage Statements

25   (Labor Code §§ 226 and 1174); (3) Failure to Pay Wages Due (Labor Code §§ 203-

26   204, 510, and 1198); and (4) Unfair Business Practices under the Unfair Competition

27   Act (Business & Professions Code §§ 17200-17208).  A true and correct copy of the

28   Summons and Complaint is attached hereto and incorporated herein as Exhibit "A".

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

7.    On October 8, 2009, Defendant, through its agent for service of process, was served with a copy of a Summons and the Complaint.

8.    As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.

9.    On October 27, 2009, this matter was reassigned from Department 311 before Judge Carl. J. West to Department 39 before Judge Michael C. Solner. A true and correct copy of the Court's Order reassigning this matter is attached hereto as Exhibit "B."

10    On November 5, 2009, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of the County of Los Angeles. A true and correct copy of Defendant's Answer is attached hereto and incorporated herein as Exhibit "C".

11    This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b) because Defendant has filed this Notice within 30 days after service of the Summons and Complaint, and less than one year after commencement of this action, as required under 28 U.S.C. section 1446(b).

12.    The Complaint also names as Defendants "DOES 1 through 100, inclusive." Defendant is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. section 1441(a).

13.    All pleadings, process or orders received by Defendant in the case are attached hereto. Defendant has received no other process, pleadings or orders.

## III.    **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS HERE.**

14.    Plaintiff resides in Aliso Viejo, California, where he has received his paychecks since December 2, 2008. Declaration of Nicole Ferritto ("Ferritto Decl.") ¶

15.    Consequently, Plaintiff is a citizen of California for purposes of diversity

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

jurisdiction. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the state containing "'a substantial predominance of corporate operations.'" *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)). If no state contains a "substantial predominance" of corporate operations, courts apply the "nerve center" test, which locates the corporation's principal place of business in the state where "the majority of its executive and administrative functions are performed." *Id.*

16. Defendant is, and was at the time this action was commenced, a corporation incorporated under the laws of the State of Alabama, with its principal place of business in Chantilly, Virginia. Ferritto Decl. ¶ 9.

17. As the following demonstrates, there is no state where a substantial predominance of Defendant's business takes place. *Breitman v. May Co California*, 37 F.3d 562, 564 (9th Cir. 1994).

18. Defendant provides security services to United States government facilities in twelve (12) states, including, Maryland, South Carolina, Georgia, New York, Mississippi, California, Oregon, Washington and Pennsylvania, as well as the District of Columbia. Ferritto Decl. ¶ 2.

19. Defendant employs individuals in each of the states in which it provides security services, with an aggregate workforce of more than 2,400. Ferritto Decl. ¶ 4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  The number of employees in California, however, represents less than 19% of the total

2  workforce. *Id.* at ¶ 6. Moreover, Defendant employs more individuals in Maryland

3  than it does in California; Maryland accounts for 26% of Paragon's workforce. *Id.* at

4  ¶¶ 5, 6.

5      20.    The latest estimated population for the State of California is projected to

6  be 36,756,666 (2008)[1]; for the State of Maryland is projected to be 5,533,597 (2008)[2];

7  for the State of Georgia is projected to be 9,685,744 (2008)[3]; and for the State of

8  Virginia is projected to be 7,769,089 (2008)[4]. As compared to the total population of

9  California, Defendant employs relatively few employees in California as compared

10  with less populous states such as Maryland and Virginia. *Tosco Corp.*, 236 F.3d at

11  501 (finding where 24% of Tosco's employees worked in Arizona compared to 21%

12  in California, a substantial predominance of employees were not located in

13  California).

14      21.    Consequently, no single state has a substantial predominance

15  (significantly larger portion) of Defendant's employees. *See e.g.,. Indus. Tectonics,*

16  *Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990); *see also Tosco Corp.*, 236

17  F.3d at 500.

18      22.    Similarly, no single state generates a substantial predominance of the

19  Defendant's revenues. Defendant derives more sales revenue from Maryland than any

20  other state (including California). Ferritto Decl. ¶ 8. In fact, California accounts for

21  less than 25% of Defendant's sales figures. *Id.*

22      23.    Likewise, Defendant does not own any property in California. Ferritto

23

---

24  [1] U.S. Census Bureau, State & County QuickFacts, at

25  http://quickfacts.census.gov/qfd/states/06000.html (last visited October 15, 2009).
    [2] U.S. Census Bureau, State & County QuickFacts, at

26  http://quickfacts.census.gov/qfd/states/04000.html (last visited October 15, 2009).
    [3] U.S. Census Bureau, State & County QuickFacts, at

27  http://quickfacts.census.gov/qfd/states/48000.html (last visited October 15, 2009).
    [4] U.S. Census Bureau, State & County QuickFacts, at

28  http://quickfacts.census.gov/qfd/states/25000.html (last visited October 15, 2009).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

Decl. ¶ 7.

24.    Therefore, Defendant does not have a substantial predominance of its operations in California.  Rather, Defendant's principal place of business should be where its nerve center is located.  *See, e.g., J.A. Olson Co. v. Winona*, 818 F. 2d 401, 407 (5th Cir. 1987) ("[w]here a corporation is engaged in far-flung and varied activities which are carried on in different states, its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its offers direct, control and coordinate all activities without regard to locale, in the further*ance of the corporate objective." (*citing *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862 (S.D. N.Y. 1959) (emphasis added))*; see also *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1166 (N.D. Cal. 2001) (concluding that no state contained a substantial predominance of business activity where the defendant corporation conducted business in all fifty states and had 8.6% of its employees in California, 7.4% in Texas, 4.9% in Pennsylvania, 4.9% in New York, and 4.8% in Florida; this composition of employees meant that the corporation's contact was "spread relatively evenly"); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003) (although the employer had vastly higher percentage of employees in California, the District Court found that operations did not predominate in California because, among other things, California was the nation's most populous state and one would expect operations to be proportionate to state size for national corporations.)

25.    The relevant considerations under the "nerve center" test include the following:

        a.    where the directors and stockholders meet;

        b.    where the executives live and have their offices;

        c.    where the administrative and financial offices are located and the records kept;

        d.    where the corporate income tax return is filed;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.

1          e.     where the "home office" is located; and

2          f.      where day-to-day control of the business is exercised.

3   *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

4       26.    As the following attests, there can be no dispute that Defendant's nerve

5 center is located in Chantilly, Virginia.

6       27.    Defendant's corporate headquarters are located at 14160 Newbrook

7 Drive, Suite 210, Chantilly, Virginia 20151. Ferritto Decl. ¶ 9.

8       28.    The administrative functions crucial to Defendant's day-to-day

9 operations are conducted in its Chantilly, Virginia location. Ferritto Decl. ¶ 10. The

10 respective officers for these departments work in Chantilly, Virginia and are

11 responsible for developing policies and protocols for Defendant's nationwide

12 operations.   *Id.*   In addition, Defendant's Board of Directors meets in Chantilly,

13 Virginia or Atlanta, Georgia. *Id.* at ¶ 11.

14       29.    For all material purposes, Defendant holds Virginia out to be its principal

15 place of business.

16       30.    Consequently, the nerve center for Defendant is located in Virginia, and

17 Defendant (an Alabama corporation) is a citizen of the states of Alabama and Virginia

18 for the purposes of determining diversity of citizenship, but not California.

19       31.    Accordingly, Plaintiff is a citizen of a state different from Defendant.

20          **a.**     **The Amount In Controversy Exceeds $75,000.**

21       32.    Plaintiff's Complaint is silent as to the total amount of damages claimed.

22 The failure of the Complaint to specify the total amount of damages sought by

23 Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins.*

24 *Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal

25 court notwithstanding the failure of Plaintiff to plead a specific dollar amount in

26 controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by

27 declining … to place a specific dollar claim upon its claim."). Defendant needs only

28 to establish by a ***preponderance of evidence*** that Plaintiff's claims exceed the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308

jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (same). As the foregoing demonstrates, Defendant is able to meet this burden.

33.     Plaintiff has asserted claims for 1) Failure to Provide Meal and/or Rest Breaks (Labor Code §§ 226.7, 512); (2) Failure to Provide Accurate Itemized Wage Statements (Labor Code §§ 226 and 1174); (3) Failure to Pay Wages Due (Labor Code §§ 203-204, 510, and 1198); and (4) Unfair Business Practices under the Unfair Competition Act (Business & Professions Code §§ 17200-17208). Ex. A, Complaint.

34.     Plaintiff's most recent wage rate is $27.25 per hour, or $52,320 per year. Ferritto Decl. ¶ 15.

35.     With regard to Plaintiff's individual claims, there are approximately 85 work weeks at issue during the statutory period, based on Plaintiff's hire date of March 14, 2008. Ferritto Decl. ¶ 15.

36.     Additionally, Plaintiff contends he was regularly required to, and did, work through meal periods and rest periods and is entitled to one hour of regular pay per violation. Ex. A, Complaint, ¶¶ 25, 33, 34. Assuming that Plaintiff missed one meal period per day and one rest period per day, and is entitled to one hour of regular pay per violation during the four-year statutory period, Plaintiff's personal claim for missed meal and rest periods is $23,162.50 (one missed meal period and one missed rest period for every work day (5) for 85 workweeks multiplied by the hourly rate, $27.25, for each missed meal period equals $23,162.50)

37.     Plaintiff also alleges that he is entitled to damages and penalties for claimed violations of Labor Code § 226(a), which requires an employer to furnish accurate itemized wage statements to its employees. Ex. A, Complaint, ¶¶ 33 – 36. Labor Code § 226(e) provides as follows:

> "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

9.

employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an aware of costs and reasonable attorneys fees. Cal. Labor Code § 226(e).

38.    Section 226(e) carries a one-year limitations period. Plaintiff has been an employee of Defendant since March 14, 2008, in excess of one year. Therefore, if Plaintiff should succeed in demonstrating that he received inaccurate wage statements, he would be entitled to $50 for the first violation and $100 for each subsequent violation within a one-year period, amounting to $2550, based on bi-weekly pay periods. Ferrito Decl. ¶ 15.

39.    Plaintiff also asserts that he and other class members did not receive all wages due within the time dictated by Labor Code section 204. Ex. A, Complaint at ¶¶ 45, 48. Labor Code section 204 sets forth the timing of wage payments to individuals paid on a semi-monthly basis. Labor Code section 210 sets forth the penalties for violation of section 204 as $100 for each initial violation and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld. By virtue of asserting a claim for purported violation of California Business & Professions Code section 17200, a four-year statute of limitations applies to his claim for unpaid wages. *See* CAL. BUS. & PROF. CODE § 17208.

40.    Plaintiff was employed for approximately 85 workweeks since his hire in March 2008. Ferrito Decl. ¶ 15. This represents approximately 42 bi-weekly pay periods, for a total of approximately $8300 in penalties under Labor Code section 210, plus 25% of the amount unlawfully withheld. Plaintiff's Complaint is silent as to the amount of wages unlawfully withheld. Plaintiff was earning an annual wage of approximately $52,320, rendering a potential penalty of $20,928 in addition to the $8300 listed above (based on an annual salary of $52,320 multiplied by approximately 1.6 years of employment, times 25%). Thus, the total amount at issue for Plaintiff based on Labor Code sections 204 and 210 is approximately $29,928.

41.    In addition to the foregoing statutory amounts, Plaintiff alleges that

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA   90067.3107
310.553.0308

"[m]ore than thirty days has elapsed since Representative Plaintiff and certain class Members were terminated and/or resigned from the Defendant's employ" and "Representative Plaintiff and certain class members are entitled to recover penalties of thirty days' wages, pursuant to California Labor Code § 203..." Ex. A at ¶¶ 49-50. Plaintiff's wage was $27.25 per hour, or $218 per day, times 30 days = $6,540. Ferritto Decl. ¶ 15. [5]

42.    Plaintiff also alleges that "[d]uring the class period, Representative Plaintiff and Class Members ... perform[ed] work for Paragon, often times in excess of eight hours in a workday and/or forty hours in a workweek." Ex. A, Complaint at ¶ 51.   Plaintiff further alleges that "Defendant refused and/or failed to compensate Representative Plaintiff and the Class Members for some and/or all of wages earned, in violation of the California Labor Code and the applicable IWC Wage Order." Ex. A, Complaint at ¶ 52. Assuming Plaintiff worked one hour per day more than eight hours, for which he was not compensated, at an overtime rate of $40.87 (1.5 times regular rate of $27.25), Plaintiff could potentially recover $17,369.75 in unpaid overtime ($40.87 times five (5) days per week, times 85 weeks employed).

43.    Plaintiff also seeks the imposition of all statutory penalties available pursuant to California Labor Code §§ 512, 1174, 1197 and Business & Professions Code §§ 17200-08, et seq.  Ex. A, Complaint, Prayer, ¶¶ c, d, e, f, and i.

44.    Plaintiff further asserts that he is seeking "interest on the amount of any and all economic losses," "reasonable attorneys' fees," and "costs of suit." Ex. A, Complaint, Prayer ¶¶ l, m, n.

45.    It is well-settled that in determining whether a complaint meets the

---

[5]  Plaintiff definitively alleges at multiple points in his Complaint that he is a former employee.  See Ex. A, Complaint at ¶¶ 49-50.  According to Defendant's records, however, Plaintiff is a current employee.  Nevertheless, the plain allegations on the face of the Complaint allege that Plaintiff is a former employee whose employment was terminated more than 30 days prior to filing of the Complaint, and thus, this Notice of Removal assumes that fact as true for the purpose of calculating the amount in controversy.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

amount in controversy requirement, the Court should consider attorneys' fees. *See, e.g., Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 64 S.Ct. 5 (1943); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001).

46.  It is not unusual in matters such as this one for attorneys' fees and costs to amount to tens of thousands of dollars.

47.  Based on the above, *exclusive* of attorneys' fees, interest and costs, the amount at issue regarding Plaintiff's individual claims is $79,549.75. Thus, by virtue of the claims asserted in this case, the preponderance of the evidence indicates that the amount in controversy is greater than $75,000 and removal is proper. *See De Aguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied).

48.  This Court has jurisdiction over absent class members pursuant to 28 U.S.C. section 1367. *See Exxon Mobil v. Allapattah Services*, 545 U.S. 546, 125 S.Ct. 2611 (2005).

## IV.   JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

49.  Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

12.

1    plaintiffs is a citizen of a State different from any defendant.

2        50.    While there are limited exceptions to this new rule of original jurisdiction

3    contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them are applicable

4    here.

5        51.    This is a civil action over which this Court has original jurisdiction under

6    28 U.S.C. section 1332(d), in that it is a civil action filed as a class action wherein the

7    matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs,

8    and at least one member (if not all) of the class of plaintiffs is a citizen of a state

9    different from all named defendants.

10       52.    This action has been brought on behalf of a class of well more than 100

11   individuals.  Plaintiff seeks to represent "All persons who were employed by Paragon

12   Systems, Inc., dba Parasys, Inc., in any non-exempt Security Officer positions within

13   the State of California, at any time between September 28, 2005 and the present." *See*

14   Exh. A, Compl., ¶ 22.  From April 1, 2007 to the present, Defendant has employed

15   approximately 500 non-exempt Security Officers within the State of California[6].

16   Ferritto Decl. at ¶ 17.

17       53.    Plaintiff is a citizen of the State of California.  For diversity purposes, a

18   person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v.*

19   *Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v.*

20   *Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the

21   lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10

22   (1st Cir. 1991).  A person's domicile is the place he or she resides with the intention to

23   remain or to which he or she intends to return.  *See Kanter v. Warner–Lambert Co.*,

24   265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff resides in Aliso Viejo, California, where

25   he has received his paychecks since December 2, 2008.  Ferritto Decl. ¶ 16.

26       54.    Plaintiff seeks to represent similarly situated employees of Defendant,

27

28   [6] Prior to April 1, 2007, Defendant Paragon did not have any employees in California. Ferritto Decl. ¶ 16.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1   who worked in the State of California from September 28, 2005 to the present.  *See*

2   Exh. A, Compl., ¶¶ 1, 16, 22, and 24.

3       55.    A corporation is deemed to be a citizen of the state in which it has been

4   incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

5   The Ninth Circuit has adopted a "total activities" test for determining a corporation's

6   principal place of business. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090,

7   1094 (9th Cir. 1990).  Relevant factors, include: (1) the location of the majority of the

8   corporation's (a) employees, (b) tangible property, and (c) production activities, and

9   (2) where most of the corporation's (a) income is earned, (b) purchases are made, and

10  (c) sales take place. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th

11  Cir. 1990).

12      56.    At present, Paragon employs over 2,400 employees in the United States.

13  Ferritto Decl. ¶ 4.  Of its 2,400 employees, only 445 (19%) of them are located in

14  California, while 629 (26%) of Defendant's employees are located in Maryland.

15  Ferritto Decl. ¶ 6.

16      57.    No single state generates a substantial predominance of the Defendant's

17  revenues.  Defendant derives more sales revenue from Maryland than any other state

18  (including California).  Ferritto Decl. ¶ 8.  In fact, California accounts for less than

19  25% of Defendant's sales. *Id.*

20      58.    Defendant's corporate headquarters are located at 14160 Newbrook

21  Drive, Suite 210, Chantilly, Virginia 20151.  Ferritto Decl. ¶ 9.

22      59.    The administrative functions crucial to Defendant's day-to-day

23  operations are conducted in its Chantilly, Virginia location.  Ferritto Decl. ¶ 10.  The

24  respective officers for these departments work in Chantilly, Virginia and are

25  responsible for developing policies and protocols for Defendant's nationwide

26  operations.  *Id.*  In addition, Defendant's Board of Directors meets in Chantilly,

27  Virginia or Atlanta, Georgia. *Id.* at ¶ 11.

28      60.    For all material purposes, Defendant holds Virginia out to be its principal

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

14.

1   place of business.

2       61.    Consequently, the nerve center for Defendant is located in Virginia, and

3   Defendant (an Alabama corporation) is a citizen of the states of Alabama and Virginia

4   for the purposes of determining diversity of citizenship, but not California.

5   Accordingly, Plaintiff is a citizen of a state different from Defendant.

6       62.    Plaintiff, who is a citizen of California, is a citizen of a state different

7   from Defendant. *See* 28 U.S.C. § 1441(a).

8           a.      **Amount In Controversy Under The Class Action**
9                   **Fairness Act**

10      63.    CAFA, 28 U.S.C. section 1332(d), authorizes the removal of class action

11  cases in which, among other factors mentioned below, the amount in controversy for

12  all class members exceeds $5,000,000.  Defendants deny the validity and merit of all

13  of Plaintiff's claims, the legal theories upon which they are purportedly based, and the

14  claims for monetary and other relief that flow from them.   However, assuming

15  Plaintiff's claims to be accurate for purposes of this removal only, it is readily

16  apparent that the monetary relief sought in this action exceeds the jurisdictional

17  minimum.

18      64.    On behalf of "All persons who were employed by Paragon Systems, Inc.

19  . . . in any non-exempt security guard positions within the State of California" at any

20  time in the past four years, Plaintiff's Complaint seeks unpaid wages for

21  uncompensated meal and rest periods, interest on all due and unpaid wages, penalties

22  and wages under Labor Code Section 203, penalties for defective wage statements

23  under Labor Code Section 226, and attorneys fees and costs. *See* Exh. A, Compl. ¶¶

24  1-2, 28, Prayer for Relief ¶ m.  Plaintiff's claims are based upon the allegations that

25  Defendants: (1) failed to pay for hours worked; (2) did not provide accurate itemized

26  statements reflecting total hours worked; and (3) failed to pay all wages due at the

27  termination of employment. *See* Exh. A, Compl. ¶¶ 1-2.

28      65.    However, Plaintiff's Complaint is silent as to the total amount of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

15.

monetary relief claimed.  The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff, and the putative class, does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (Defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim").  Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

66.   This matter meets the 100 proposed class members requirement articulated in CAFA because, during the proposed Class Period, Paragon employed approximately 500 non-exempt Security Officers in the State of California. *See* Ferritto Decl. ¶ 17.

67.   Within the class period, Paragon first obtained its contract with the Federal Aviation Administration ("FAA"), and thus first employed putative class members in California, on April 1, 2007.   Ferritto Decl. at ¶ 17.   Paragon subsequently obtained an additional contract in California on March 15, 2008. Ferritto Decl. at ¶ 20.  In total, members of the putative class worked approximately 37,000 workweeks during the class period. Ferritto Decl. at ¶ 21.

### a. Amount in Controversy for Plaintiff's Claim For Meal And Rest Violations Claim.

68.   Plaintiff contends in his Complaint that the putative class members were regularly required to, and did work through meal periods and rest periods and are entitled to one hour of regular pay per violation.  Ex. A, Complaint, ¶ 25, 33, 34. Assuming that all putative class members missed one meal period per day and one rest period per day, and were entitled to one hour of regular pay per violation during the four-year class period for each violation, Plaintiff's claim for missed meal and rest

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

16.

1   periods is $8,854,100 (one missed meal period for every work day (5) for 37,000
2   workweeks multiplied by the hourly rate, $23.93, for each missed meal period equals
3   $4,427,050; plus one missed rest period for every work day (5) for 37,000 workweeks
4   multiplied by the hourly rate, $23.93, for each missed rest period equals $4,427,050;
5   for a total of $8,854,100 allocated to missed meal and rest periods).

6   **b. Amount in Controversy for Plaintiff's Wage Statement Claim.**

7   69.   Plaintiff also contends in his Complaint that Defendant knowingly and
8   intentionally failed to furnish "timely, accurate itemized wage statements" setting
9   forth "actual gross wages earned, net wages earned, or the appropriate deductions."
10  *See* Exh. A., Complaint ¶ 41.

11  70.   Plaintiff asserts that the putative class members are entitled to damages
12  and penalties for claimed violations of Labor Code § 226(a), which requires an
13  employer to furnish accurate itemized wage statements to its employees. *See*, Exh. A,
14  Compl., ¶¶ 35-42.  Labor Code § 226(e) provides as follows:

15          [a]n employee suffering injury as a result of a knowing and
16          intentional   failure   by   an   employer   to   comply   with
17          subdivision (a) is entitled to recover the greater of all actual
18          damages or fifty dollars ($50) for the initial pay period in
19          which a violation occurs and one hundred dollars ($100) per
20          employee for each violation in a subsequent pay period, not
21          exceeding  an  aggregate  penalty  of  four  thousand  dollars
22          ($4,000), and is entitled to an aware of costs and reasonable
23          attorneys fees.

24  CAL. LAB. CODE § 226(e).

25  71.   The putative class consists of approximately 500 putative class members,
26  and the statute of limitations for a claim under Labor Code section 226 is one year.
27  Within the applicable limitations period, approximately 450 putative class members
28  were employed by Defendant.  *See* Ferritto Decl. ¶ 21; CAL. CIV. PROC. CODE §

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

17.

340(a).  Each putative class member would be entitled to up to $2,550 in penalties under the statute ($50 for the first pay period and $100 for each subsequent pay period during the one year statutory limitations period for each allegedly defective wage statement; employees were paid bi-weekly; *see* Ferrito Decl. ¶ 14).  Therefore, Plaintiff's claim for damages/statutory penalties under Labor Code § 226 alone is $1,147,500 [450 putative class members x $2550 maximum recovery per employee = $1,147,500].

### c. Amount In Controversy In Plaintiff's Claims For Unpaid Wages.

72.    In addition to the foregoing statutory amounts, Plaintiff alleges that "certain class members voluntarily or involuntarily severed employment with Paragon, yet were not paid timely wages due immediately upon the involuntary termination or within seventy-two hours of the voluntary termination." *See* Exh. A, Complaint ¶ 48.  As a result, Plaintiff seeks to recover penalties of thirty (30) days' wages on behalf of the class members Plaintiff alleges were not timely paid all wages due. *See id.*  Plaintiff asserts that "more than thirty days has elapsed since" certain class members were terminated and/or resigned from Paragon. *See id.* at ¶ 49.  The average wage of a putative class member is approximately $23.93 per hour, or $191.44 per day, times 30 days = $5,743.20.  Ferritto Decl. ¶ 18.  During the Class Period, approximately 51 employees separated from Paragon.  Ferritto Decl. ¶ 22.  Thirty days' wages for these separated employees potentially amounts to $292,903.20 [$5,743.20 x 51 employees].

### d. Plaintiff Also Seeks Attorneys' Fees In This Action.

73.    Plaintiff also seeks an award of attorneys' fees. *See* Exh. A, Complaint, Prayer ¶ m.  It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1    determine jurisdictional amounts).

2        74.    It is not unusual in wage and hour class actions, particularly class actions

3    with hundreds of putative class members, for attorneys' fees and costs to amount to

4    hundreds of thousands of dollars.

5        75.    *Exclusive* of attorneys' fees, interest and costs, the amount in controversy

6    regarding Plaintiff's claims is at least $10,294,503.20. Accordingly, although

7    Defendant denies Plaintiff's claims of wrongdoing, the jurisdictional minimum is

8    easily satisfied for purposes of determining amount in controversy as it exceeds the

9    $5,000,000 threshold required under CAFA. *See Singer v. State Farm Mutual Auto*

10    *Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Tompkins v. Basic Research LL*,

11    2008 WL 1808316 (E.D. Cal. 2008)(determining the amount in controversy on

12    removal is twofold. First the court must determine if the amount in controversy is

13    facially apparent and if plaintiff alleges damages in excess of the jurisdictional

14    amount, then the jurisdictional amount is presumptively satisfied unless it appears to a

15    legal certainty that the claim is worth less than the jurisdictional amount).

16    **V.**          **NOTICE TO THE COURT AND PARTIES.**

17        76.    Contemporaneously with the filing of this Notice of Removal in the

18    United States District Court for the Central District of California, written notice of

19    such filing will be given by the undersigned to Plaintiff's counsel of record and a copy

20    of the Notice of Removal will be filed with the Clerk of the Court for the Superior

21    Court of the County of Los Angeles, California.

22    Dated:  November 5, 2009

23

24                            ELIZABETH STAGGS WILSON

25                            DOMINIC A. MESSIHA

26                            LITTLER MENDELSON
                        A Professional Corporation
                        Attorneys for Defendant

27                            PARAGON SYSTEMS, INC.

Firmwide:92680441.3 050542.1012

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

# EXHIBIT A

Fm:Scott Cole & Associates, APC To:Mariclena/Schweinsburg (12136171662)          14:10 09/29/09GMT-04 Pg 02-02

$10/8 \rightarrow 2.588$

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>**CONFORMED COPY**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>SEP 2 9 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>A. E. LaFLEUR-CLAYTON |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PARAGON SYSTEMS, INC., dba PARASYS, INC., and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONALD SCHWEINSBURG, individually, and on behalf of all others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court<br><br>Stanley Mosk Courthouse, Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**BC422721** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin R. Allen, Esq. (S.B. # 237994),1970 Broadway, Ninth Floor, Oakland, CA 94612 (510) 891-9800

| DATE:<br>*(Fecha)* | **JOHN A. CLARKE, CLERK** Clerk, by<br>*(Secretario)* | AMBER LaFLEUR-CLAYTON | Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL]<br><br>SEP 2 9 2009 | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):* Paragon Systems, Inc., dba Parasys, Inc.<br><br>under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

113M199830619.UF - 9/20/2009 11:13:46 AM

Scott Edward Cole, Esq. (S.B. # 160744)
Kevin R. Allen, Esq. (S.B. #237994)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Web: www.scalaw.com

Attorneys for the Representative Plaintiff
and the Plaintiff Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 28 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DONALD SCHWEINSBURG, individually, and on behalf of all others similarly situated, | Case No.: BC422721 |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| PARAGON SYSTEMS, INC., dba PARASYS, INC., and DOES 1 through 100, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | **BY FAX** |

Representative Plaintiff Donald Schweinsburg alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a class action seeking unpaid wages, including meal and rest period compensation, injunctive and other equitable relief, and reasonable attorneys' fees and costs, under, *inter alia*, Industrial Welfare Commission Wage Order No. 4, California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1197 and 1198, and Business & Professions Code § 17200, *et seq.* Representative plaintiff Donald Schweinsburg ("Schweinsburg" and/or "Representative Plaintiff") brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to as the "Class Members" and/or the "Plaintiff Class") who are or have

been employed by defendant Paragon Systems, Inc., dba Parasys, Inc. and/or Does 1 through 100, inclusive (collectively "Paragon" and/or "Defendant"), in any non-exempt security guard position(s) within the State of California, at any time between September 28, 2005 and the present. Representative Plaintiff, on behalf of himself and the Class Members, also seeks injunctive relief and restitution of all benefits Paragon has enjoyed from its unfair, unlawful, and/or fraudulent business practices under Business and Professions Code §§ 17200-17208.

2.      The "Class Period" is designated as the time from September 28, 2005 through the trial date and is based upon the allegation that Defendant's violations of California's wage and hour laws, as described more fully below, have been ongoing during that time. During the Class Period, Paragon has had a consistent policy of (1) unlawfully denying Representative Plaintiff and the Class Members statutorily-mandated meal and rest periods, (2) willfully failing to pay compensation owed to the Representative Plaintiff and Class Members in a timely manner, including compensation owed to Class Members whose employment with Paragon has been terminated, and (3) willfully failing to provide Plaintiff and the Class Members with accurate semimonthly itemized wage statements.

## INTRODUCTION

3.      The Representative Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, defendant Paragon has held contracts with various clients, including the United States Government, for the placement of Defendant's non-exempt security guards at facilities within the State of California. In so doing, Paragon has employed hundreds of individuals in non-exempt security guard positions in recent years alone to work at locations within the State of California.

4.      Despite actual knowledge of these facts and California's legal mandates, Paragon has enjoyed an advantage over its competition and imposed a resultant disadvantage upon its workers by electing not to pay its security guards all wages to which they are entitled, not providing them with statutorily-mandated duty-free and uninterrupted meal and rest periods, and not providing accurate and complete semimonthly itemized wage statements.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

5.      Representative Plaintiff is informed and believes, and based thereon alleges, that officers of Paragon knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

6.      Despite Defendant's knowledge of the Plaintiff Class' entitlement to unpaid wages, meal and/or rest periods for all applicable work periods, Paragon failed to provide same to members of the Plaintiff Class, in violation of the California Labor Code, Industrial Welfare Commission Wage Order No. 4 and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the Representative Plaintiff and the Class Members' claims for unpaid wages, expenses and/or penalties under, *inter alia*, Industrial Welfare Commission Wage Order No. 4 and Title 8 of the California Code of Regulations, Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1197 and 1198.

8.      This Court also has jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief, and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful and/or fraudulent business practices under Business & Professions Code § 17200, *et seq.*

9.      Venue as to defendant Paragon is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a) and/or § 395.5. Defendant Paragon holds contracts in the County of Los Angeles, transacts business, has agents, and is otherwise within this Court's jurisdiction for purpose of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within the County of Los Angeles. Defendant operates facilities and has employed numerous Class Members in the County of Los Angeles, as well as in other counties within the State of California.

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**PLAINTIFFS**

10.    During the time period relevant herein, Schweinsburg is/was a natural person employed by Paragon in a non-exempt security guard position which was entitled and continues to enjoy an entitlement to various conditions of employment, including meal and rest periods.

11.    In said position, Schweinsburg was required to work and did work, during the Class Period, shifts exceeding five hours without uninterrupted, unrestricted meal periods of not less than thirty minutes.

12.    In said position, Schweinsburg was required to work and did work four hours or a major fraction thereof without being afforded a net ten minute rest period.

13.    Representative Plaintiff is informed and believes and, on that basis, alleges that this conduct of Paragon is/was commonplace at every California facility at which Paragon's security employees worked on its behalf.

14.    As used throughout this Complaint, the terms "Class Members" and/or the "Plaintiff Class" refer to the named plaintiff herein as well as each and every person eligible for membership in the Plaintiff Class, as further described and defined below.

15.    At all times relevant herein, Representative Plaintiff was/is a person within the Plaintiff Class further described and defined herein.

16.    Representative Plaintiff brings this action on behalf of himself and as a class action, pursuant to California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

**DEFENDANTS**

17.    At all times relevant herein, defendant Paragon Systems, Inc., dba Parasys, Inc., was and is a business entity, duly licensed, located and doing business in, but not limited to, the County of Los Angeles, in the State of California.

18.    Representative Plaintiff is informed and believes and, based thereon, alleges that defendant Paragon directly or indirectly employs and, since September 28, 2005, has employed and/or exercised control over the wages, hours and/or working conditions of Representative Plaintiff

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   and the Class Members within various California counties, including, but not necessarily limited to,

2   the County of Los Angeles.

3       19.   Those defendants identified as Does 1 through 100, inclusive, are and were, at all

4   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some/each

5   of the remaining defendants. The Representative Plaintiff is informed and believes and, on that basis,

6   alleges that, at all times herein relevant, each of the defendants identified as Does 1 through 100,

7   inclusive, employed and/or exercised control over the wages, hours and/or working conditions of

8   Representative Plaintiff and the Class Members at various California locations, as identified in the

9   preceding paragraph.

10      20.   Representative Plaintiff is unaware of the true names and capacities of those

11   defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

12   such fictitious names. Representative Plaintiff will seek leave of court to amend this Complaint when

13   same are ascertained. Representative Plaintiff is informed and believes and, on that basis, alleges that

14   each of the fictitiously-named defendants is responsible in some manner for, gave consent to, ratified

15   and/or authorized the conduct herein alleged, and that Representative Plaintiff's and the Class

16   Members' damages, as herein alleged, were proximately caused thereby.

17      21.   The Representative Plaintiff is informed and believes and, on that basis, alleges that,

18   at all times herein relevant, each of the defendants was and/or is the agent and/or employee of each

19   of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

20   scope of such agency and/or employment.

21

22                          **CLASS ACTION ALLEGATIONS**

23      22.   Representative Plaintiff brings this action on behalf of himself and as a class action

24   on behalf of the following Plaintiff Class:

25       All persons who were employed by Paragon Systems, Inc., dba
         Parasys, Inc., in any non-exempt security guard positions within the
26       State of California, at any time between September 28, 2005 and the
         present.

27   ///

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 5 -

23.    Defendant, its officers and directors, are excluded from the Plaintiff Class.

24.    This action has been brought and may be properly maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.    Commonality: Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i.    whether Paragon violated Labor Code §§ 201-204 by failing to pay all wages due and owed at the time that Class Members' employment with Defendant terminated;

ii.    whether the Representative Plaintiff and Class Members are entitled to "waiting time" penalties, pursuant to Labor Code §§ 203 and/or 204;

iii.    whether Paragon violated Labor Code § 226 by failing to provide accurate semimonthly itemized wage statements to Class Members of the total hours worked by each and all applicable hourly rates in effect during each relevant pay period;

iv.    whether Paragon violated Labor Code § 226.7 by failing to consistently provide duty free rest periods to its employees;

v.    whether Paragon violated Labor Code § 512 by failing to consistently provide meal periods to its employees;

vi.    whether Paragon violated Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

vii.    whether Paragon violated Labor Code § 1197 by failing to compensate the Representative Plaintiff and the Plaintiff Class for all hours worked at the applicable minimum wage;

viii.    whether Paragon violated Business and Professions Code §§ 17200, et seq. by engaging in unfair, unlawful and/or fraudulent business practices.

b.    Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

c.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds and, possibly, thousands of individuals. Membership in the Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

will be determined by and upon analysis of employee and payroll records, among other records maintained by Paragon.

    d.    <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Plaintiff Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

    e.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

    25.    Paragon has, for years, knowingly failed to properly compensate the Class Members for all unpaid wages due and owed to them. Paragon has failed to provide them with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of not less than thirty minutes for work shifts exceeding five hours.

    26.    Even upon termination or resignation of the employment of various Class Members, Paragon has declined to fully compensate these employees, in violation of Labor Code §§ 201-203. More than thirty days has passed since certain Class Members have left Defendant's employ.

    27.    Paragon also failed to provide Representative Plaintiff and the Class Members with accurate semimonthly itemized wage statements of the total number of hours worked by each and all applicable hourly rates in effect during each relevant pay period, in violation of California Labor Code § 226. In so doing, Paragon has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its

1  unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial

2  impact of its wrongdoing.

3      28.     As a direct and proximate result of Paragon's unlawful conduct, as set forth herein,

4  Representative Plaintiff and the Class Members have sustained damages, as described above,

5  including loss of earnings for uncompensated meal and rest periods on behalf of Defendant, in an

6  amount to be established at trial. As a further direct and proximate result of Defendant's unlawful

7  conduct, as set forth herein, Representative Plaintiff and other Class Members are entitled to recover

8  penalties/wages (pursuant to California Labor Code § 203), and Representative Plaintiff and the

9  Class Members are entitled to recover penalties for failure to provide accurate semimonthly

10  statements (pursuant to Labor Code § 226), in an amount to be established at trial. As a further direct

11  and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff

12  and the Class Members are also entitled to recover costs and attorneys' fees and restitution of ill-

13  gotten gains, pursuant to statute.

14

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND/OR REST PERIODS
### (California Labor Code §§ 226.7 and 512)

17      29.     Representative Plaintiff incorporates in this cause of action each and every allegation

18  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

19      30.     At all relevant times, Defendant was aware of and was under a duty to comply with

20  California Labor Code §§ 226.7 and 512.

21      31.     California Labor Code § 226.7 provides:

22          (a)     No employer shall require any employee to work during any
            meal or rest period mandated by an applicable order of the Industrial
23          Welfare Commission.

24          (b)     If an employer fails to provide an employee a meal period or
            rest period in accordance with an applicable order of the Industrial
25          Welfare Commission, the employer shall pay the employee one
            additional hour of pay at the employee's regular rate of compensation
26          for each work day that the meal or rest period is not provided.

27  ///

28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE RACIBORSKI TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

32.    California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

33.    By failing to consistently provide uninterrupted and unrestricted meal periods and to provide uninterrupted rest periods to its non-exempt security personnel, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

34.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including loss of compensation/wages, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and the Class Members are entitled to recover various penalties, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

35.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

36.    California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1        (7) the name and address of the legal entity which is the employer.

2        37.    The IWC Wage Order also establishes this requirement in § 7(B) thereof (8 Cal. Code

3  Regs. § 11010 *et seq.*).

4        38.    Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

9        39.    Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state... payroll records showing the hours worked daily by and the wages paid to ... employees ;... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

14        40.    Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section on behalf of himself and the Class Members.

16        41.    Defendant failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the Class Members in accordance with Labor Code § 226(a) and the applicable IWC Wage Order. None of the statements provided by Defendant has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions for Class Members.

20        42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members are entitled to recover penalties, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES DUE
#### (California Labor Code §§ 203-204, 510 and 1198)

26        43.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

28        44.    California Labor Code § 203 provides, in part:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WAGE VIA TOWER
OAKLAND, CA 94612
TEL.: (510) 891-9800

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

45.     California Labor Code § 204 provides, in part:

Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

46.     California Labor Code § 510 provides, in part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day or work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee....

47.     California Labor Code § 1198 provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

48.     Representative Plaintiff and the Class Members were employed by Defendant during the Class Period and did not receive all wages owed in the time dictated by Labor Code § 204. Moreover, certain class members voluntarily or involuntarily severed employment with Paragon, yet were not paid timely wages due immediately upon the involuntary termination or within seventy-two hours of the voluntary termination of their respective employment positions therewith. Said non-payment and/or untimely payment was the direct and proximate result of a willful refusal to do so by Defendant.

49.     More than thirty days has elapsed since Representative Plaintiff and certain Class Members were terminated and/or resigned from the Defendant's employ.

50.     As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, Representative Plaintiff and certain Class Members are entitled

58.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, provides Defendant with an unfair competitive advantage, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

59.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff Class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

60.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Defendant has been unjustly enriched in an amount equaling or exceeding the amount of damages, penalties, interest, fees and costs payable to the Representative Plaintiff and the Plaintiff Class herein. Representative Plaintiff and the Plaintiff Class are entitled to restitution of all of Defendant's ill-gotten gains, according to proof, and to injunctive relief to halt Defendant's unfair, unlawful and/or fraudulent business practices.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff,** on behalf of himself and the proposed **Plaintiff Class,** prays for judgment and the following specific relief against **Defendants, and each of them,** jointly and separately, as follows:

a.      For an Order certifying the proposed Plaintiff Class and/or any other appropriate subclass(es) under Code of Civil Procedure § 382;

b.      That Defendant is found to have violated provisions of the Labor Code as to the Representative Plaintiff and the Plaintiff Class;

c.      That Defendant is found to have violated Labor Code §§ 226.7 and/or 512 for willful failure to provide meal and/or rest periods and the relevant Sections of the applicable IWC Wage Order to pay wages for these violations;

d.      That Defendant is found to have violated California Labor Code §§ 201, 203, 204 510

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  and 1198 for willful failure to pay all compensation owed including that which is owed at the time

2  of termination or within 72 hours of resignation of employment to particular Class Members;

3     e.  That Defendant is found to have violated the record keeping provisions of Labor Code

4  §§ 226(a) and 1174(d) and § 7 of the applicable Wage Order as to the Representative Plaintiff and

5  Class Members and for willful failure to provide accurate semimonthly itemized wage statements

6  thereto;

7     f.  That Defendant is found to have violated California Labor Code § 1197 for failure

8  to pay the applicable minimum wage to the Class Members;

9     g.  That Defendant is found to have violated Business & Professions Code § 17200, *et*

10  *seq.* by, *inter alia,* failing to pay the Representative Plaintiff and the Class Members all

11  compensation for meal and/or rest periods denied, and by failing to pay penalties to particular Class

12  Members;

13     h.  That the Court make an award to the Representative Plaintiff and the Plaintiff Class

14  of damages in the amount of unpaid compensation, including interest thereon, and penalties, in an

15  amount to be proven at trial;

16     i.  That Defendant be ordered and enjoined to pay restitution to the Representative

17  Plaintiff and the Class Members due to Defendant's unlawful activities, pursuant to Business &

18  Professions Code §§ 17200-08, *et seq.*;

19     j.  That Defendant further be enjoined to cease and desist from unlawful activities in

20  violation of Business & Professions Code § 17200, *et seq.*;

21     k.  For all other Orders, findings and determinations identified and sought in this

22  Complaint;

23     l.  For interest on the amount of any and all economic losses, at the prevailing legal rate;

24     m.  For reasonable attorneys' fees, pursuant to statute;

25     n.  For costs of suit and any and all such other relief as the Court deems just and proper.

26  ///

27  ///

28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Dated: September 28, 2009

2                                          SCOTT COLE & ASSOCIATES, APC

3

4                          By:   _____

5                                Kevin R. Allen, Esq.
                                 Attorneys for the Representative Plaintiff
6                                and the Plaintiff Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief and Restitution

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin R. Allen, Esq. (S.B. #237994)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
TELEPHONE NO.: (510) 891-9800    FAX NO.: (510) 891-7030
ATTORNEY FOR (Name): Representative Plaintiff Donald Schweinsburg, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse/Central District

CASE NAME:
Donald Schweinsburg v. Paragon Systems, Inc., dba Parasys, Inc.

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 28 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: BC 422 721  JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✓ Substantial amount of documentary evidence
   d. ✓ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action (specify): Four (4)
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2009
Kevin R. Allen
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Donald Schwainsburg v. Paragon Systems, Inc. | CASE NUMBER BC422721 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10—14   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Donald Schweinsburg v. Paragon Systems, Inc. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 6. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: Donald Schweinsburg v. Paragon Systems, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case-Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Donald Schweinsburg v. Paragon Systems, Inc. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Address of Incident not Applicable; "Class Actions must be filed in the County Courthouse, Central District." |
| --- | --- |
| CITY:<br>n/a | STATE:<br>n/a | ZIP CODE:<br>n/a | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>September 28, 2009</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/27/09 | | DEPT. 311 |
| HONORABLE CARL J. WEST          JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE          Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC422721 | | |
|---|---|---|---|
| | DONALD SCHWEINSBURG<br>VS<br>PARAGON SYSTEMS INC<br><br>NON-COMPLEX (10-27-09) | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Michael C. Solner in Department 39 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 39 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER

                Page   1 of   2   DEPT. 311

MINUTES ENTERED
10/27/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 10/27/09 | DEPT. 311 |
| HONORABLE CARL J. WEST     JUDGE | E. SABALBURO     DEPUTY CLERK |
| HONORABLE     JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE     Deputy Sheriff | NONE     Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC422721 | Plaintiff Counsel | NO APPEARANCES |
| | DONALD SCHWEINSBURG VS PARAGON SYSTEMS INC | Defendant Counsel | |
| | NON-COMPLEX (10-27-09) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 11-03-09 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 11-03-09

John A. Clarke, Executive Officer/Clerk

By: _____
        K. HILAIRE

SCOTT COLE & ASSOCIATES, APC
Scott Edward Cole, Esq.
1970 Broadway, Ninth Floor
Oakland, California  94612

Page    2 of    2    DEPT. 311

MINUTES ENTERED
10/27/09
COUNTY CLERK

# EXHIBIT C

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 05 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SHAUNYA WESLEY

1  ELIZABETH STAGGS WILSON, Bar No. 183160
   DOMINIC J. MESSIHA, Bar No. 204544
2  CORINN JACKSON, Bar No. 239275
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East
4  5th Floor
   Los Angeles, CA 90067.3107
5  Telephone:    310.553.0308
   Fax No.:       310.553.5583
6
   Attorneys for Defendant
7  PARAGON SYSTEMS, INC

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF LOS ANGELES

11  DONALD SCHWEINSBURG,                    Case No. BC422721
    individually, and on behalf of all others
12  similarly situated,                     ASSIGNED FOR ALL PURPOSES TO
                                            JUDGE CARL J. WEST
13            Plaintiffs,
                                            DEFENDANT PARAGON SYSTEMS,
14       v.                                 INC.'S ANSWER TO PLAINTIFF'S
                                            COMPLAINT FOR DAMAGES
15  PARAGON SYSTEMS, INC., dba
    PARASYS, INC., and DOES 1 through
16  100, inclusive,                         Trial Date: None Set
                                            Complaint Filed: September 28, 2009
17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1   Defendant Paragon Systems, Inc. ("Defendant" or "Paragon"), by and through its

2   attorneys, hereby answers the unverified Complaint for Damages ("Complaint") of Donald

3   Schweinsburg ("Plaintiff"), named Plaintiff herein, pursuant to section 431.30(b) of the California

4   Code of Civil Procedure as follows:

5   Defendant denies each and every, all and singular, of the allegations contained in

6   Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained

7   any damages at all and further generally and specifically denies that Plaintiff is entitled to any relief

8   whatsoever.

9   **AFFIRMATIVE DEFENSES**

10   Without waiving or excusing the burden of proof of the named Plaintiff and/or the putative

11   class members or admitting that Defendant has any burden of proof, Defendant asserts the following

12   affirmative defenses:

13   **FIRST AFFIRMATIVE DEFENSE**

14   **Failure To State Facts Sufficient To Constitute A Cause Of Action**

15   1.   Defendant is informed and believes that further investigation and discovery will

16   reveal, and on that basis alleges, that Plaintiff's Complaint and each purported cause of action

17   therein, or some of them, fail to state facts sufficient to constitute a cause of action against

18   Defendant.

19   **SECOND AFFIRMATIVE DEFENSE**

20   **Federal Preemption**

21   2.   Defendant is informed and believes that further investigation and discovery will

22   reveal, and on that basis alleges, that Plaintiff's Complaint and each purported cause of action

23   therein is preempted by some or all of the following: the Airline Deregulation Act of 1978 ("ADA")

24   49 U.S.C. § 41713(b)(1), the Federal Aviation Administration Authorization Act of 1994

25   ("FAAAA") 49 U.S.C. § 41713, and federal enclave jurisdiction under Article I, Section 8, Clause

26   17 of the U.S. Constitution.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

2.

DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### THIRD AFFIRMATIVE DEFENSE

#### Statute Of Limitations

3.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 340, 343, and California Business and Professions Code section 17208.

### FOURTH AFFIRMATIVE DEFENSE

#### Waiver

4.      Defendant is informed and believes and on that basis alleges that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

#### Estoppel

5.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

#### Laches

6.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

#### Unclean Hands

7.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### EIGHTH AFFIRMATIVE DEFENSE

#### Consent

8.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of consent.

### NINTH AFFIRMATIVE DEFENSE

#### Satisfaction

9.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that without admitting, and specifically denying, that Defendant owed any duty to Plaintiff and the putative class members, or some of them, any duty or obligation, contractual or otherwise, which Plaintiff and the putative class members claim is owed by Defendant, has been fully performed, satisfied and/or discharged.

### TENTH AFFIRMATIVE DEFENSE

#### Good Faith

10.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that Plaintiff's Complaint and each purported causes of action therein, or some of them, are barred because, at all times, Defendant acted in good faith, did not engage in any unfair business practices, or otherwise violate any applicable laws.

### ELEVENTH AFFIRMATIVE DEFENSE

#### On-Duty Meal Period Agreements

11.      Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that Plaintiff and/or the putative class members were not entitled to off-duty meal periods under California law because, at all times relevant, Plaintiff and all members of the putative class executed valid on-duty meal period agreements pursuant to the provisions of the Industrial Welfare Commission Wage Orders and the Labor Code.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

4.

DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### Outside Scope Of Employment

3   12.    Defendant is informed and believes that further investigation and discovery will

4   reveal, and on that basis alleges that Plaintiff's Complaint and each purported cause of action

5   therein, or some of them, cannot be maintained against Defendant because if Defendant's employees

6   (including Plaintiff and/or the putative class members) took the actions alleged, such actions were

7   committed outside the course and scope of such employees' employment, were not authorized,

8   adopted or ratified by Defendant, and/or Defendant did not know of nor should they have known of

9   such conduct.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

11

### After-Acquired Evidence

12   13.    Defendant is informed and believes that further investigation and discovery will

13   reveal, and on that basis alleges that a reasonable opportunity for investigation and discovery may

14   reveal and, on that basis, allege that evidence acquired subsequent to Plaintiff' and the putative class

15   members' filing of the Complaint bars and/or limits the amount of damages Plaintiff and the putative

16   class members can recover on their claims, assuming *arguendo* they are able to establish

17   Defendant's liability.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19

### Offset

20   14.    Defendant is informed and believes that further investigation and discovery will

21   reveal, and on that basis alleges that the Complaint and each cause of action therein, or some of

22   them, is barred in whole or in part against Defendant because the recovery by Plaintiff and/or the

23   putative class members, if any, must be offset by any benefits and/or other monies they have

24   received or will receive, including overpayments by Defendant, if any.

25

## FIFTEENTH AFFIRMATIVE DEFENSE

26

### Standing

27   15.    Defendant is informed and believes that further investigation and discovery will

28   reveal, and on that basis alleges that the Complaint and each cause of action set forth therein are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

5.

DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  barred because Plaintiff lacks standing as a representative of the proposed class and as a

2  representative of the group of allegedly similarly situated individuals he seeks to represent, and do

3  not adequately represent the putative class members or other employees of Defendant.

4  ## SIXTEENTH AFFIRMATIVE DEFENSE

5  ### Not Suitable For Class Treatment

6      16.    Defendant is informed and believes that further investigation and discovery will

7  reveal, and on that basis alleges that Plaintiff's claim and the putative class members and allegedly

8  similarly situated persons they seek to represent are misjoined, as their rights to recover require

9  individual analysis, do not present a predominance of common questions of law or fact, and are

10  unsuited for determination on a class or representative basis; class treatment is neither a superior nor

11  a suitable means of adjudicating these claims.

12  ## SEVENTEENTH AFFIRMATIVE DEFENSE

13  ### Violation Of Due Process

14      17.    Defendant is informed and believes that further investigation and discovery will

15  reveal, and on that basis alleges that the Complaint and each cause of action therein, or some of

16  them, are barred because the certification of a class, as applied to the facts and circumstances of this

17  case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in

18  violation of the Fourteenth Amendment of the United States Constitution and the Constitution and

19  laws of the State of California.

20  ## EIGHTEENTH AFFIRMATIVE DEFENSE

21  ### Release Of Claims

22      18.    Defendant is informed and believes that further investigation and discovery will

23  reveal, and on that basis alleges that the Complaint and each cause of action set forth therein are

24  barred by applicable settlement agreement(s) and/or other releases of claims executed by Plaintiff

25  and/or other putative class members.

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

6.

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

### No Private Right Of Action

3       19.     Defendant is informed and believes that further investigation and discovery will

4   reveal, and on that basis alleges that Plaintiff's claims under California Labor Code section 200, *et*

5   *seq.*, and sections 510, and 512 are barred, in whole or in part, because there is no private right of

6   action under such sections.

7

## TWENTIETH AFFIRMATIVE DEFENSE

8

### Not Unlawful Under California Business And Professions Code § 17200

9       20.     Defendant is informed and believes that further investigation and discovery will

10   reveal, and on that basis alleges that Plaintiff's Complaint and each purported causes of action

11   therein, or some of them, are barred because Defendant's business practices were not, and are not,

12   "unlawful" within the meaning of California Business and Professions Code section 17200, *et seq.*

13

## TWENTY-FIRST AFFIRMATIVE DEFENSE

14

### Not Unfair Under California Business And Professions Code § 17200

15       21.     Defendant is informed and believes that further investigation and discovery will

16   reveal, and on that basis alleges that Plaintiff's Complaint and each purported causes of action

17   therein, or some of them, are barred because Defendant's business practices were not, and are not,

18   "unfair" within the meaning of California Business and Professions Code section 17200, *et seq.*

19

## TWENTY-SECOND AFFIRMATIVE DEFENSE

20

### Not Fraudulent Under California Business And Professions Code § 17200

21       22.     Defendant is informed and believes that further investigation and discovery will

22   reveal, and on that basis alleges that Plaintiff's Complaint and each purported causes of action

23   therein, or some of them, are barred because Defendant's business practices were not, and are not,

24   "fraudulent" within the meaning of California Business and Professions Code section 17200, *et seq.*

25

## TWENTY-THIRD AFFIRMATIVE DEFENSE

26

### Violation Of Due Process

27       23.     Defendant is informed and believes that further investigation and discovery will

28   reveal, and on that basis alleges that the California Business and Professions Code section 17200 *et*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

7.

1   *seq.* is unconstitutionally vague and overbroad and the manner in which Plaintiff and the putative

2   class members claim that said statutes apply to Defendant's business practices and thus constitutes a

3   violation of Defendant's right to due process.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Violation Of Due Process

6       24.    Defendant is informed and believes that further investigation and discovery will

7   reveal, and on that basis alleges that prosecution of this action by Plaintiff and the putative class

8   members under Business and Professions Code section 17200 *et seq.*, as applied to the facts and

9   circumstances of this case, would constitute a denial Defendant's substantive and procedural due

10   process rights under the Fourteenth Amendment of the United States Constitution and under the

11   Constitution and laws of the State of California.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Failure To Mitigate

14       25.    Defendant is informed and believes that further investigation and discovery will

15   reveal, and on that basis alleges that Plaintiff's Complaint and each purported cause of action

16   therein, or some of them, are barred because Plaintiff and the putative class members, or some of

17   them, have failed to take reasonable steps to mitigate their damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Adequate Remedy At Law

20       26.    Defendant is informed and believes that further investigation and discovery will

21   reveal, and on that basis alleges that Plaintiff's Complaint and each cause of action therein, or some

22   of them, are barred because, to the extent that Plaintiff and the putative class members, or some of

23   them, seek to recover equitable relief, Plaintiff and the putative class members are not entitled to

24   such relief because they have an adequate remedy at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Bona Fide Dispute

27       27.    Defendant is informed and believes that further investigation and discovery will

28   reveal, and on that basis alleges that Plaintiff's Complaint and each cause of action therein, or some

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

8.

of them, are barred because there exists a *bona fide* dispute as to whether further compensation is actually due to Plaintiff and the putative class members and, if so, as to the amount of such further compensation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Good Faith Dispute

28.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that Plaintiff's Complaint and each cause of action therein, or some of them, are barred because there exists a *good faith* dispute as to whether further compensation is due to Plaintiff and the putative class members and Defendant can present a defense which will preclude any recovery on the part of Plaintiff or the putative class members.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### Not Willful Or Intentional

29.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that to the extent that Plaintiff and the putative class members seek to recover waiting time and other statutory penalties, Plaintiff and the putative class members have failed to state a claim for such penalties because even assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members and they never made a demand for such additional compensation.

## THIRTIETH AFFIRMATIVE DEFENSE

### Additional Affirmative Defenses

30.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges that it does not presently know all facts respecting the conduct of Plaintiffs and the putative class members sufficient to state all affirmative defenses at this time. Defendant reserves the right to amend this Answer should it later discovery facts demonstrating the existence of additional affirmative defenses.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

9.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for relief as follows:

1.      That Plaintiff and the putative class members take nothing and that the Complaint be dismissed in its entirety with prejudice;

2.      That judgment be entered in Defendant's favor;

3.      That Defendant be awarded its attorneys' fees and costs of suit herein; and

4.      That Defendant be awarded such other, further relief as the Court deems just and proper.


Dated: November 4, 2009


ELIZABETH STAGGS WILSON
DOMINIC J. MESSIHA
CORINN JACKSON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PARAGON SYSTEMS, INC

Firmwide:92662920.2 050542.1012

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

10.

DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On November 4, 2009, I served the within document(s):

**DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☐   by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Scott Edward Cole, Esq.
Kevin R. Allen, Esq.
Scott Cole & Associates, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Phone: (510) 891-9800 - Fax: (510) 891-7030
**Attorneys for Plaintiff and Plaintiff Class**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 4, 2009, at Los Angeles, California.

*Colleen Reid-Rose*

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:92563295.1 050542.1012

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Donald Schweinsburg | Paragon Systems, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Scott E. Cole (Bar No. 160744) Kevin R. Allen (Bar No. 237944) Scott Cole & Associates APC 1970 Broadway Ninth Floor Oakland, CA 94612 (510) 891-9800 (telephone) | Elizabeth Staggs Wilson (Bar No. 183160) Dominic J. Messiha (Bar No. 204544) Littler Mendelson PC, 2049 Century Park East Fifth Floor Los Angeles, CA 90067 (310) 553-0308 (telephone) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV09-8139**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Virginia and Georgia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 5, 2009

Elizabeth Staggs Wilson

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 8139 PSG (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.