1 | Matthew R. Bainer, Esq. (S.B. #220972)
mbainer@scalaw.com
2 | Kevin R. Allen, Esq. (S.B. #237994)
kallen@scalaw.com
3 | **SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
4 | Oakland, California 94612
Telephone: (510) 891-9800
5 | Facsimile: (510) 891-7030
Web: www.scalaw.com
6 |
7 | Attorneys for Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

8 |

**UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 | DONALD SCHWEINSBURG,       ) Case No. CV09-8139 PSG (JCx)
individually, and on behalf of all others )
12 | similarly situated,                ) **CLASS ACTION**
                                  )
13 |                   Plaintiffs,     ) **NOTICE OF MOTION AND MOTION;**
                                  ) **MEMORANDUM OF POINTS AND**
14 | vs.                             ) **AUTHORITIES IN SUPPORT OF**
                                  ) **PLAINTIFF'S MOTION FOR ORDER: (1)**
15 | PARAGON SYSTEMS, INC., dba   ) **GRANTING PRELIMINARY APPROVAL OF**
PARASYS, INC., and DOES 1 through ) **THE CLASS ACTION SETTLEMENT**
16 | 100, inclusive,                ) **AGREEMENT; (2) GRANTING**
                                  ) **CONDITIONAL CERTIFICATION OF THE**
17 |                   Defendants.    ) **SETTLEMENT CLASS; (3) APPOINTING**
                                  ) **CLASS COUNSEL; (4) APPOINTING CLASS**
18 |                                 ) **REPRESENTATIVE; (5) APPOINTING**
                                  ) **SETTLEMENT ADMINISTRATOR; (6)**
19 |                                 ) **APPROVING CLASS NOTICE PACKAGE**
                                  ) **AND TIMELINE FOR ADMINISTRATION**
20 |                                 )
                                  )
21 |                                 ) **Date:**      June 7, 2010
                                  ) **Time:**      1:30 p.m.
22 | _____ ) **Room:**     880
                                  ) **Judge:**     Hon. Philip S. Gutierrez
23 |
24 |
25 |
26 |
27 |
28 |

**<u>TABLE OF CONTENTS</u>** <u>Page</u>

I. <u>INTRODUCTION</u> .................................................................................. 1

II. <u>PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS</u>............................. 3

III. <u>SUMMARY OF SETTLEMENT TERMS</u> ........................................ 4

IV. <u>CERTIFICATION OF PLAINTIFFS' CLAIMS ON A CLASS WIDE BASIS IS</u>

    <u>APPROPRIATE UNDER RULE 23</u> .............................................................. 5

    A. A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS

        OF RULE 23(a) AND RULE 23(b)............................................................ 5

    B. THE SETTLEMENT CLASS SHOULD MEETS ALL FOUR REQUIREMENTS OF RULE

        23(a) ................................................................................................ 6

        1. The Settlement Class Satisfies The Numerosity Element ............................. 6

        2. The Settlement Class Satisfies The Commonality Element ........................... 6

        3. The Settlement Class Satisfies The Typicality Element................................. 8

        4. Plaintiff And His Counsel Satisfy The Adequacy Element............................. 8

    C. THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF

        RULE 23(b)(3) .................................................................................. 9

V. <u>PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL</u>.............. 10

VI. <u>THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY</u>

    <u>APPROVAL</u> ...................................................................................... 11

    A. THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER

        LITIGATION ALL SUPPORT APPROVAL ................................................. 12

    B. THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF THE

        SETTLEMENT WHICH WAS A PRODUCT OF ARMS-LENGTH NEGOTIATIONS AND

        RESULTS IN REASONABLE COMPENSATION TO CLASS MEMBERS ............... 14

    C. The Payment To The Named Representative For His Service To The Class Is Reasonable

        And Routinely Awarded ...................................................................... 15

VII. <u>THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY</u>

    <u>DUE PROCESS</u> .................................................................................. 16

SCOTT COLE & ASSOCIATES, APC<br>ATTORNEYS AT LAW<br>THE WACHOVIA TOWER<br>1970 BROADWAY, NINTH FLOOR<br>OAKLAND, CA 94612<br>TEL: (510) 891-9800

A.  THE CLASS NOTICE PACKAGE SATISFIES DUE PROCESS AND MEETS ALL OF

THE ELEMENTS OF RULE 23(c)(2)(B) ............................................................. 16

B.  THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE

THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS

MEMBERS NOTICE ......................................................................................... 17

VIII.  THE PARTIES REQUEST THE COURT TO SET A FINAL SETTLEMENT APPROVAL

SCHEDULE ...................................................................................................... 18

IX.  CONCLUSION .................................................................................................... 18

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**TABLE OF AUTHORITIES** **Page**

**Cases**

*Acosta v. Trans Union, LLC,*
243 F.R.D. 377, (C.D. Cal. 2007) ................................................................ 6

*Amaral v. Cintas Corp.,*
163 Cal. App. 4th 1157, (2008) ................................................................ 13

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591, (1997) ................................................................ 6

*Amchem Products v. Windsor,*
521 U.S. 591, (1997) ................................................................ 10

*Baby Neal for and by Kanter v. Casey,*
43 F. 3d 48, (3d Cir. 1994) ................................................................ 6

*Blackie v. Barrack,*
524 F. 2d 891, (9th Cir. 1975) ................................................................ 9

*Brinker Restaurant Corp. v. Superior Court,*
80 Cal. Rptr. 3d (2008) ................................................................ 13

*California Rural Legal Assistance v. Legal Services Co.,*
917 F.2d 1171, (9th Cir. 1990) ................................................................ 8

*Cf. Torrisi v. Tucson Elec. Power Co.,*
8 F. 3d 1370, (9th Cir. 1993) ................................................................ 18

*City of Seattle,*
955 F.2d at 1276 ................................................................ 11

*Day v. NLO,* 851 F.Supp.
869, (S.D. Ohio 1994) ................................................................ 8

*General Tel. Co. of Southwest v. Falcon,*
457 U.S. 147, (1982) ................................................................ 8

*Gutierrez v. Kovacevich "5" Farms,*
2004 WL 3745224, (E.D. Cal. Dec. 2, 2004) ................................................................ 7

*Haley v. Medtronic, Inc.,*
169 F.R.D. 643, (C.D. Cal. 1996) ................................................................ 7

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Hammon v. Berry,*
752 F. Supp. 108 (D.D.C.1990) ................................................................ 12

*Hanlon v. Chrysler Corp.,*
150 F. 3d 1011, (9th Cir. 1998) .................................................... 6, 7, 8, 9 12

*Harris v. Palm Springs Alpine Estates, Inc.,*
329 F. 2d 909, (9th Cir. 1964) ................................................................. 6

*In re Jiffy Lube Securities Litigation,*
927 F. 3d 155, (4th Cir. 1991). ............................................................... 11

*In re Mego Financial Corp. Securities Litig.,*
213 F.3d 454, (9th Cir. 2000) .......................................................... 12, 14

*In re Michael Milken & Assocs. Sec. Litig.,*
150 F.R.D. 57, (S.D.N.Y. 1993) ............................................................. 16

*In Re S. Ohio Correctional Facility,*
175 F.R.D. 270, (S.D. Ohio 1997)) .......................................................... 15

*In re Traffic Exec. Ass'n,*
627 F.2d 631, (2d Cir. 1980) ................................................................ 12

*Ingram v. The Coca-Cola Co.,*
200 F.R.D. 685, (N.D. Ga. 2001) ............................................................ 15

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,*
244 F. 3d 1152, (9th Cir. 2001). .............................................................. 8

*Mallick v. Superior Court,*
89 Cal.App.3d 434, [1979] .................................................................... 11

*Mendoza v. United States,*
623 F. 2d 1338, (9th Cir. 1980) ............................................................. 16

*Morelock Enterprises, Inc. v. Weyerhaeuser Co.,*
2004 WL 2997526, (D. Or. Dec, 16, 2004). ................................................ 10

*Potter v. Pacific Coast Lumber Company,*
37 Cal.2d 592, (1951) ......................................................................... 11

*Slaven v. BP Am., Inc.,*
190 F.R.D. 649, (C.D. Cal. 2000) .......................................................... 6, 7

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Staton v. Boeing Co.,*
327 F. 3d 938, (9th Cir. Wash. 2003) .............................................................................. 8

*Steinberg v. Carey,*
470 F. Supp. 471 (S.D.N.Y. 1979) .................................................................................. 12

*Tierno v. Rite-Aid Corp.,*
No. 05-2520, 2006 WL 2535056 (N.D. Cal., Aug. 31, 2006) ........................................ 7

*Van Bronkhorst v. Safeco Corp.,*
529 F.2d 943, (9th Cir., 1976) ........................................................................................ 11

*Wehner v. Syntex Corp.,*
117 F.R.D. 641, (N.D.Cal. 1987) .................................................................................... 8

*Wershba,*
91 Cal.App.4th at 234-35 ................................................................................................ 11

**Federal Statutes**
Fed. R. Civ. P. 23(a)(1) ................................................................................................... 6

Fed. R. Civ. P. 23(a)(4) ................................................................................................... 8

Fed. R. Civ. P. 23(b)(3) ................................................................................................... 9

Fed. R. Civ. P. Rule 23(c)(2)(B) .................................................................................... 16

Federal Rule of Civil Procedure 23(a)(2), .................................................................... 6

Federal Rule of Civil Procedure 23(g) .......................................................................... 10

**Labor Code**
Cal. Lab. Code § 2699(g)(1) .......................................................................................... 13

California Labor Code § 226(e) ...................................................................................... 13

California Labor Code §§1174 ....................................................................................... 3, 7

California Labor Code §§226 ......................................................................................... 3, 7

California Labor Code §§226.7 ...................................................................................... 3, 7

California Labor Code §§512 ......................................................................................... 3, 7

California Labor Code §203 ........................................................................................... 3

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

California Labor Code § 1197 ................................................................................ 7

California Labor Code §§ 201 ............................................................................... 7

California Labor Code §§ 203 ............................................................................... 7

California Labor Code §§ 204 ............................................................................... 7

**Newberg**

4 Newberg § 11:25 ............................................................................................. 11

4 Newberg § 11:26 ............................................................................................. 12

4 Newberg § 11:41 ............................................................................................. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Memorandum of Points & Authorities in Support of Motion for Preliminary Approval of Class Action Settlement

SCOTT COLE & ASSOCIATES, APC
ATTORNEY AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## NOTICE OF MOTION

**TO DEFENDANT PARAGON SYSTEMS, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on June 7, 2010, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Philip S. Gutierrez in Room 880 of this Court, located at 255 East Temple Street, Los Angeles, California 90012, Representative Plaintiff Donald Schweinsburg will and hereby does move the Court for an Order:

1.   Granting preliminarily approval of the class action settlement agreement;

2.   Granting conditional certification of the settlement class;

3.   Appointing Scott Cole & Associates, APC ("SCA") as class counsel;

4.   Appointing Plaintiff Donald Schweinsburg as class representative;

5.   Appointing Gilardi & Co., LLC as the settlement administrator; and

6.   Approving the class notice package and proposed timeline for administration.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Matthew R. Bainer, Esq. and exhibits thereto, the complete files and records of this action, and any further briefing and arguments of counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

By and through the instant Motion, Representative Plaintiff Donald Schweinsburg ("Plaintiff") requests that this Court enter an Order:

1.   Granting preliminarily approval of the class action settlement agreement;[1]

2.   Granting conditional certification of the settlement class;[2]

3.   Appointing Scott Cole & Associates, APC ("SCA") as class counsel;

---

[1]      A copy of the fully executed settlement agreement, entitled "STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT OF CLASS ACTION," ("Settlement") is attached and marked as Exhibit "A" to the Declaration of Matthew R. Bainer, Esq. ("Bainer Decl."), filed concurrently herewith. Unless otherwise noted, all exhibits cited herein are attached to the Bainer Decl.

[2]      The Settlement Class consists of "all persons who were employed by Paragon, Systems, Inc., dba Parasys, Inc. in any non-exempt security guard position within the state of California, at any time between September 28, 2005 and the date of preliminary approval." Settlement at ¶ 1.4.

4.      Appointing Plaintiff Donald Schweinsburg as class representative;

5.      Appointing Gilardi & Co., LLC as the settlement administrator; and

6.      Approving the class notice package and proposed timeline for administration.[3]

This Motion is made based on this Memorandum of Points and Authorities, the Declaration of Matthew R. Bainer, Esq. and exhibits thereto, the complete file and records of this action, and any further briefing and arguments of counsel.

On or about April 28, 2010, Plaintiff and Defendant Paragon Systems Inc., dba Parasys, Inc. ("Paragon" or "Defendant") executed a Settlement agreement which encompasses all claims asserted by the Representative Plaintiff on behalf of himself and a class of approximately 450 nonexempt security guards who were employed in California by Defendant since September 28, 2005.

In the operative Complaint, Plaintiff alleges that Defendant unlawfully denied its nonexempt security guard employees statutorily-mandated meal and rest periods, as well as compensation for missed meal/rest breaks. Plaintiff sought various forms of relief, not only for himself, but for all other similarly situated Paragon employees in California during the class period.

Now, the Representative Plaintiff has tentatively agreed to settle his and the class members' claims in exchange for Defendant's agreement to pay a gross settlement amount of $885,410, which includes the cost of administering the Settlement, a payment to the California Labor and Workforce Development Agency to settle claims under the Private Attorney Generals Act ("PAGA")[4] an enhancement payment to the Representative Plaintiff, and attorneys' fees and costs.

The Settlement reflects a very good result for the Class and satisfies all the criteria for preliminary settlement approval under California law and falls well within the range of what constitutes a reasonable compromise for claims of this nature and size.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[3]      The proposed Notice of Pendency of Class Action Settlement and Hearing Date for Final Approval (the "Notice") is attached to the Settlement as Exhibit "A" and the parties' proposed Class Member Claim Form ("Claim Form") is attached to the Settlement as Exhibit "B" (collectively referred to as the "Notice Package").
[4]      California Labor Code § 2698 et seq.

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement: Memorandum of Points and Authorities in Support Thereof

## II.   PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS

On September 28, 2009, named plaintiff Donald Schweinsburg ("Representative Plaintiff" and/or "Plaintiff") filed a Complaint in Los Angeles County Superior Court on behalf of himself and all similarly situated nonexempt security guards that were employed by Defendant in California since September 28, 2005. [5] In the Complaint, Plaintiff alleged causes of action for (1) failure to provide meal and rest periods under California Labor Code §§226.7 and 512, (2) failure to provide accurate itemized wage statements under California Labor Code §§226 and 1174, (3) failure to pay wages on termination under California Labor Code §203, (4) unfair business practices under the California Unfair Competition Act, Business and Professions Code §§17200-17208, together with related penalties, interest, and attorneys' fees, costs, and injunctive relief.[6]

On or about November 6, 2009, Defendant removed the action to this Court under the Class Action Fairness Act and answered the Complaint, generally denying Plaintiffs' allegations and asserting affirmative defenses.[7]

Defendant approached Plaintiff in early February 2010 to discuss the possibility of an early settlement.[8] Plaintiff's counsel was in the position to discuss Settlement having performed a rather significant amount of investigation both prior to and after filing the Complaint.[9] Plaintiff's counsel was fully informed of Defendant's employment practices from in-depth conversations with the Class Representative as well as reviews of documents reflecting Paragon's policies and procedures pertaining to the challenged conduct such as employment manuals, time cards, meal break waivers, communications to Class Members, activity logs, etc.[10] Since Defendant provides security services to several Federal agencies, there was a relatively significant amount of evidence available via public

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL (510) 891-9800

---

[5]   Bainer Decl. ¶ 1.
[6]   Pursuant to the Settlement, at the final approval hearing, Plaintiff will seek leave to amend the Complaint so as to add a claim for penalties under PAGA. On April 16, 2010, Plaintiff served the prerequisite notice on the Labor and Workforce Development Agency ("LWDA") and on the Defendant. California Labor Code § 2698 *et seq.*
[7]   Bainer Decl. ¶ 1.
[8]   Bainer Decl. ¶ 6.
[9]   Bainer Decl. ¶ 6.
[10]   Bainer Decl. ¶ 6.

1   records, which Plaintiff's counsel was able to review prior to negotiating with Defendant.[11]

2   Plaintiff's counsel also reviewed Defendant's financial statements and performed a review for other

3   pending litigation that could affect the claims plead herein.[12]

4        The Settlement negotiations were held at arm's length and consisted of both conference calls

5   and in-person meetings.[13] During these negotiations, Defendant's counsel provided additional

6   information and evidence on a confidential basis that helped Plaintiff's counsel to evaluate the class

7   claims as well as the relative risks that would be faced in attempting to certify a class and prove

8   liability on a class wide basis.[14] Ultimately, the parties were able to reach a tentative settlement in

9   February 2010.[15] However, it took an additional two and half months of hard fought negotiations

10  before the parties were able to execute the proposed Settlement that is being presented to the Court

11  in this Motion.[16]

12       Plaintiff and his counsel believe that the final terms of Settlement are fair, adequate, and

13  reasonable in light all factors that are to be considered by the Court in making this determination.[17]

14

15  **III.      SUMMARY OF SETTLEMENT TERMS**

16       Plaintiff and his counsel believe that the Settlement achieved herein is a great result. In

17  exchange for a narrowly tailored release,[18] the Settlement requires Paragon to pay a total of $885,410

18  ("Gross Settlement Amount").[19] This is approximately the equivalent of a full hour's wage for *each*

19  *and every* one of the 37,000 workweeks worked by the 450 Class Members during the class period.[20]

20

21

22

23  [11]     Bainer Decl. ¶ 6.

    [12]     Bainer Decl. ¶ 6.

24  [13]     Bainer Decl. ¶ 7.

    [14]     Bainer Decl. ¶ 7.

25  [15]     Bainer Decl. ¶ 8.

    [16]     Bainer Decl. ¶ 8.

26  [17]     Bainer Decl. ¶ 9.

    [18]     Settlement at ¶ 7, *et seq.*

27  [19]     Settlement at ¶ 1.14.

    [20]     *See* Declaration of Nicole Ferritto in Support of Defendant Paragon Systems, Inc.'s Notice of
Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. Sections 1332 and 1441 [11/05/2009, as Docket

28  No.1].

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement: Memorandum of Points and
Authorities in Support Thereof

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The Gross Settlement amount provides for payment of attorneys' fees (up to 33 1/3%) and litigation costs (not to exceed $15,000),[21,22] an enhancement award to the named Plaintiff (up to $5,000)[23] and settlement administrative costs.[24] The Settlement Amount also allocates $20,000 for a release of PAGA claims.[25] The Settlement is non-reversionary. As such, after deducting Court approved fees/costs from the Gross Settlement Amount, the entire remaining Net Settlement Amount will be distributed to the Settlement class members who file timely claims. [26] Settlement Class Members will receive a *pro rata* share of the Net Settlement Amount based on number of workweeks worked in relationship to the number of workweeks worked by all Class Members who file timely claims.[27] Class Member settlement payments will be allocated, for tax reporting purposes, evenly between wages and penalties/interest.[28] Class Member settlement checks will be valid for 180 days from date of issue; any residuals from uncashed and/or undeliverable Class Member Settlement checks shall not revert to Defendant but, instead, be distributed to one or more Court approved *cy pres* organizations pursuant to California Code of Civil Procedure Section 384.[29]

**IV.     CERTIFICATION OF PLAINTIFFS' CLAIMS ON A CLASS WIDE BASIS IS APPROPRIATE UNDER RULE 23**

  **A.     <u>A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b)</u>**



[21]     Settlement at ¶¶ 4.1, 4.2.

[24]     Settlement at ¶ 4.4. The Claims Administrator, Gilardi, has estimated that it will cost approximately $13,500 to administer the class notice program that is proposed in the Settlement.
[25]     The Settlement allocates $20,000 towards a release of the PAGA civil penalties; pursuant to the Labor Code, 75% of this amount (i.e., $15,000) will be paid to the LWDA with the remaining 25% ($5,000) distributed to the Settlement Class Members. Settlement at ¶¶ 4.6, 4.7.
[26]     Settlement at ¶ 3.3.
[27]     Settlement at ¶ 3.2.
[28]     Settlement at ¶ 3.3.
[29]     Settlement at ¶¶ 9.6, 9.7.

1    Through this motion, the parties jointly request that the Court make appropriate findings and

2    conditionally certify the following class for purposes of settlement only ("Settlement Class"):

3         All persons who were employed by Paragon Systems, Inc., dba Parasys, Inc., in any
          non-exempt security guard positions within the State of California, at any time
4         between September 28, 2005 and the present.

5    To certify a class, a district court must find that the proposed class meets the requirements of

6    both Rule 23(a) and Rule 23(b). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623-24 (1997).

7    As will be discussed below, based on Plaintiff's allegations in his Complaint, the Settlement Class

8    meets all four prerequisites of Rule 23(a) class certification – numerosity, commonality, typicality,

9    and adequacy of representation – in addition to the requirements of Rule 23(b)(3) – predominance of

10   common issues and superiority of the class action device.

11

12        **B.    THE SETTLEMENT CLASS SHOULD MEETS ALL FOUR
               REQUIREMENTS OF RULE 23(a)**

13        **1.    The Settlement Class Satisfies The Numerosity Element**

14   Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all class members

15   be impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 384

16   (C.D. Cal. 2007). Plaintiffs need not show that the number is so large that it would be impossible to

17   join every class member. *See Harris v. Palm Springs Alpine Estates, Inc.,* 329 F. 2d 909, 913-914

18   (9th Cir. 1964). Here, the Settlement Class is clearly large enough to make joinder impracticable, as

19   Defendant has indicated that the Settlement Class has approximately 450 members.

20

21        **2.    The Settlement Class Satisfies The Commonality Element**

22   Under Federal Rule of Civil Procedure 23(a)(2), Plaintiff must show that there is a question

23   of law or fact common to the Settlement Class. The requirements of Rule 23(a)(2) are easily met.

24   *Hanlon v. Chrysler Corp.,* 150 F. 3d 1011, 1019-20 (9th Cir. 1998) (emphasizing the "minimal"

25   requirements and "permissive" interpretation of Rule 23(a)(2)); *Baby Neal for and by Kanter v.*

26   *Casey*, 43 F. 3d 48, 56 (3d Cir. 1994); *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000)

27   (stating that most courts have construed requirements "quite liberally"). As such, plaintiffs may

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAGOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

satisfy the commonality requirement by demonstrating either a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *See Hanlon*, 150 F.3d at 1019; Staton, 327 F.3d at 953. Furthermore, the presence of merely one common issue of law or fact is sufficient. *See Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven*, 190 F.R.D. at 655.

The questions of law and fact common to the members of the Settlement Class include:

i.  whether Paragon violated Labor Code §§ 201-204 by failing to pay all wages due and owed at the time that Class members' employment with Defendant terminated;

ii.  whether the Representative Plaintiff and Class Members are entitled to "waiting time" penalties, pursuant to Labor Code §§ 203 and/or 204;

iii.  whether Paragon violated Labor Code § 226 by failing to provide accurate semimonthly itemized wage statements to Class Members of the total hours worked by each and all applicable hourly rates in effect during each relevant pay period;

iv.  whether Paragon violated Labor Code §226.7 by failing to consistently provide duty free rest periods to its employees;

v.  whether Paragon violated Labor Code § 512 by failing to consistently provide meal periods to its employees;

vi.  whether Paragon violated Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

vii.  whether Paragon violated Labor Code § 1197 by failing to compensate the Representative Plaintiff and the Plaintiff Class for all hours worked at the applicable minimum wage;

viii.  whether Paragon violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

These common issues satisfy Rule 23(a)(2)'s requirements. *See, e.g., Hanlon*, 150 F. 3d at 1019 (shared legal issues with divergent factual predicates sufficient for class certification); *Tierno v. Rite-Aid Corp.*, No. 05-2520, 2006 WL 2535056 (N.D. Cal., Aug. 31, 2006) (certifying a class of retail store managers); *Gutierrez v. Kovacevich "5" Farms*, 2004 WL 3745224, at *5 (E.D. Cal. Dec. 2, 2004) (finding commonality satisfied where plaintiffs presented common questions of whether defendants failed to pay plaintiffs for all time worked).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

### 3.     The Settlement Class Satisfies The Typicality Element

The permissive standard of typicality focuses on similarity between the legal theories of the proposed class representatives and the legal theories of class members whom they seek to represent. *See Hanlon*, 150 F. 3d at 1020; *Staton v. Boeing Co.*, 327 F. 3d 938, 957 (9th Cir. Wash. 2003).[30] In deciding whether individual variations preclude typicality, the focus should be on the behavior of the defendants. *Day v. NLO*, 851 F.Supp. 869, 884 (S.D. Ohio 1994)Typicality is met here as the claims of the Settlement Class are based on the same legal and factual claims as that of the Plaintiff.

### 4.     Plaintiff And His Counsel Satisfy The Adequacy Element

The proposed Class Representative, plaintiff Donald Schweinsburg, has and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement has two prongs: "(1) [t]hat the representative party's attorney be qualified, experienced, and generally able to conduct the litigation; and (2) that the suit not be collusive and the class representative's interests not be antagonistic to those of the remainder of the class. *See Hanlon*, 150 F. 3d at 1020; *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F. 3d 1152, 1162 (9th Cir. 2001).

In this case there is no reason to doubt the adequacy of Plaintiff's counsel.[31] Nor is there any evidence of antagonism between Plaintiff's interests and those of the Settlement Class. *See* Bainer Decl. ¶ 10. Plaintiff has litigated this case in good faith and the interests of Plaintiff are coextensive with those of the members of the Settlement Class as they both share a common interest in challenging Paragon's actions with regard to meal and rest breaks. *See* Bainer Decl. ¶ 10.

---

[30]     The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D.Cal. 1987); *California Rural Legal Assistance v. Legal Services Co.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (the named plaintiffs need not be identically situated with all other class members, but must share a "common issue of law or fact.").

[31]     Class Counsel's qualifications are attached as Exhibit "B" to the Bainer Decl.

## C.  THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF RULE 23(b)(3)

In addition to the Rule 23(a) requirements, a district court must also find that common issues of law or fact "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).[32] The proposed Settlement Class in this case is sufficiently cohesive to warrant adjudication by representation. *See Hanlon*, 150 F. 3d at 1022. Plaintiff and the proposed Settlement Class members seek unpaid wages and penalties for work performed. Based on Plaintiff's allegations that Paragon's on-duty meal period policies are unlawful, liability could be determined on a class-wide basis, and would therefore not be dependent on individual assessments of liability. Furthermore, because the "predominance" factor concerns liability, any variation in damages is plainly insufficient to defeat class certification. *Blackie v. Barrack*, 524 F. 2d 891, 905-06 (9th Cir. 1975). Thus, the proposed Settlement Class may be certified.

Likewise, it is clear that the class action device proposed herein is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This allows all of the Settlement Class members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism or forum would provide. As in *Hanlon*, the alternative methods of resolution are individual claims for a relatively small amount of damages. *See Hanlon*, 150 F. 3d at 1023. These claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery." *Id.* For this reason, a class action is the superior method of resolution.

Finally, there are no issues of manageability that would preclude certification of the Settlement Class. In this respect, a court faced with a request for a settlement-only class like this one need not inquire whether the case would present intractable problems of trial management, but other requirements under Rule 23 must still be satisfied. *See, e.g., Amchem Products v. Windsor*, 521 U.S.

---

[32]  For purposes of settlement, Paragon has stipulated that, based on Plaintiff's allegations, liability can be determined on a class-wide basis.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WAGHORN TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement: Memorandum of Points and Authorities in Support Thereof

591, 620 (1997). In any event, as discussed below, the proposed plan of distribution and settlement process is efficient and manageable.

## V.    PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Federal Rule of Civil Procedure 23(g) requires that courts consider the following four factors when appointing class counsel: (1) whether counsel has investigated the class claims; (2) whether counsel is experienced in handling class actions and complex litigation; (3) whether counsel is knowledgeable regarding the applicable law; and (4) whether counsel will commit adequate resources to representing the class. *See Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, 2004 WL 2997526, *5 (D. Or. Dec. 16, 2004). Defendant does not dispute that Scott Cole & Associates meets these requirements for purposes of the present Settlement; however, even if such appointment was opposed, it is clear from the record presented herein that SCA meets these requirements.

Prior to Settlement, SCA performed a more than adequate investigation into the class claims. Its attorneys and staff interviewed the Class Representative about all aspects of his position as well as that of the other guards located at the site where he had been stationed for many years.[33] SCA reviewed documents reflecting Paragon's policies and procedures pertaining to the challenged conduct such as employment manuals, time cards, meal break waivers, communications to Class Members, activity logs, etc.[34] Plaintiff's counsel carefully reviewed the public records for information pertaining to Paragon's finances as well as its clients which consist of several Federal agencies.[35] During negotiations, Plaintiff's counsel was provided with additional details about Paragon's business operations and the class claims.[36]

There is no reason to doubt SCA's experience, knowledge or commitment. As revealed by SCA's resume,[37] the firm is highly experienced and knowledgeable regarding complex federal and

---

[33]    Bainer Decl. ¶ 6.
[34]    Bainer Decl. ¶ 6.
[35]    Bainer Decl. ¶ 6.
[36]    Bainer Decl. ¶ 7.
[37]    *See* Ex. "B" to Bainer Decl.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1  state wage & hour class actions like this one. Indeed, the firm has handled many security guard class

2  actions and successfully obtained certification of classes alleging nearly identical claims to those

3  raised in this lawsuit.[38] SCA has fully committed its resources to representing the class in this case

4  and will continue to do so whether or not the Settlement is approved.[39]

5     Accordingly, appointment of Plaintiffs' counsel as Class Counsel is appropriate.

6

7  **VI.  THE PROPOSED SETTLEMENT SHOULD BE GRANTED**

8       **PRELIMINARY APPROVAL**

9     Rule 23(e)(c) requires that the court find a class settlement to be fair, reasonable and

10  adequate before entering preliminary or final approval. The primary concern of Rule 23(e)(1)(c) is

11  the "protection of class members whose rights may not have been given adequate consideration

12  during the settlement negotiations:" *In re Jiffy Lube Securities Litigation*, 927 F. 3d 155, 158 (4th

13  Cir. 1991). Moreover, the law favors settlement, particularly in class actions and other complex

14  cases, where substantial resources can be conserved by avoiding the time, cost and rigors of formal

15  litigation. 4 Newberg § 11:41; *see also City of Seattle*, 955 F.2d at 1276; *Van Bronkhorst v. Safeco

16  Corp.*, 529 F.2d 943, 950 (9th Cir., 1976); *Potter v. Pacific Coast Lumber Company*, 37 Cal.2d 592,

17  602 (1951). These concerns apply with particular force in a case such as this, where an allegedly

18  illegal practice affected over 450 of Defendant's current and former employees.

19     At this point in time the Court is only to determine whether the proposed settlement is within

20  the range of possible approval, and thus whether notice to the class of the terms and conditions and

21  the scheduling of a formal fairness hearing is worthwhile. *Wershba*, 91 Cal.App.4th at 234-35; *see

22  also* 4 Newberg § 11:25. The Court is granted broad powers to determine whether a proposed

23  settlement is fair under the circumstances of the case (*Wershba*, 91 Cal.App.4th at 234-35; *Mallick v.

24  Superior Court*, 89 Cal.App.3d 434, 438 [1979]) and need find only that the settlement falls within

25

26

27    [38] *See* Ex. "B" to Bainer Decl.

28    [39] *See* Ex. "B" to Bainer Decl.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAGOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  the range of possible final approval, also described as "the range of reasonableness." *See, e.g., In re*

2  *Traffic Exec. Ass'n*, 627 F.2d 631, 633-634 (2d Cir. 1980); 4 Newberg § 11:26.

3      Courts balance several factors in determining whether a settlement is fair, adequate and

4  reasonable, in compliance with Rule 23(a): the strength of plaintiff's case, the risk, expense,

5  complexity and likely duration of further litigation, the risk of maintaining a class action through

6  trial, the amount offered in settlement, the extent of discovery completed, the stage of the

7  proceedings, and the experience and views of counsel. *Hanlon*, 150 F. 3d at 1026; *In re Mego*

8  *Financial Corp. Securities Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). While making this fairness

9  determination, courts need also give "proper deference to the private consensual decision of the

10  parties," since "the court's intrusion upon what is otherwise a private consensual agreement

11  negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a

12  reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

13  between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

14  adequate to all concerned." *Hanlon*, 150 F.3d at 1027. Indeed, as "a settlement is the offspring of

15  compromise," the question upon preliminary approval "is not whether the final product could be

16  prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.*

17  Accordingly, a court should not second guess the parties, or substitute its judgment for that of the

18  proponents of the settlement, particularly when experienced counsel familiar with the litigation have

19  reached settlement. *Hammon v. Berry*, 752 F. Supp. 108 (D.D.C.1990); *Steinberg v. Carey*, 470 F.

20  Supp. 471 (S.D.N.Y. 1979).

21      Here, as shown below, the proposed Settlement falls well within the range of reasonableness.

22

23  **A.**    **THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION ALL SUPPORT APPROVAL**

24      The Settlement terms need be framed by the many factual and legal issues which would have

25  needed to be determined had the parties not settled the case. There are many legal issues that

26  Defendant contended would have substantially impacted the ability of Class Counsel to have a class

27  certified or, once certified, to prevail at trial on liability issues.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

1  For instance, Defendant required a substantial portion of the class to sign meal period
2  waivers. Defendant claims that these waivers were valid and would have precluded at least some of
3  Defendant's liability for Class Members who were unable to take meal breaks. While Plaintiff
4  disagrees, there was no guarantee that he would have prevailed on this issue come trial.

5  Defendant argued that the class claims could be adversely impacted by the forthcoming State
6  Supreme Court matter of *Brinker Restaurant Corp. v. Superior Court*, 80 Cal. Rptr. 3d 781 (2008);
7  review granted and opinion superseded by *Brinker Restaurant Corp. v. S.C.* (previously published at
8  165 Cal.App.4th 25). Defendant argued that the holding in *Brinker* could preclude certification of
9  meal/rest period claims. While Plaintiff's counsel again disagrees with Defendant's position, Plaintiff
10  recognizes that there are certain risks associated with *Brinker*.

11  Defendant also contended that Plaintiff would be unable to prevail on his claims for statutory
12  penalties under California Labor Code § 226(e) or on his waiting-time penalties claim because even
13  if Defendant failed to comply, its compliance was not "knowing and intentional." *Amaral v. Cintas
14  Corp.*, 163 Cal. App. 4th 1157, 1204 (2008)[indicating that a finding of willfulness is required
15  before awarding such penalties]. Plaintiff's counsel acknowledges the possibility that an employer
16  could avoid such penalties if it was found to have had a good faith legal defense pursuant to the case
17  law.

18  As even the partial list above reveals,[40] Plaintiff and his counsel could have faced rather
19  significant legal and factual hurdles in having the class certified, obtaining a class wide judgment,
20  and, thereafter, collecting on that judgment. In contract, the present Settlement provides for a *certain*
21  payment to the members of the putative class for the claims raised in the Complaint.

26  [40]  Defendant contended that PAGA penalties could not be assessed on a class-wide basis. *See* Cal.
27  Lab. Code § 2699(g)(1). Defendant also argued that the present class action could be impacted by pending
legislation. To wit, in recent years, California legislators have introduced several bills which could, if approved,
28  effect the meal and rest period provisions in the California Labor Code. *See, e.g.*, 2009 CA S.B. 665 (NS); 2009 CA
S.B. 380 (NS); and 2009 CA S.B. 287 (NS).

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement: Memorandum of Points and
Authorities in Support Thereof

**B.    THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF THE SETTLEMENT WHICH WAS A PRODUCT OF ARMS-LENGTH NEGOTIATIONS AND RESULTS IN REASONABLE COMPENSATION TO CLASS MEMBERS**

The work performed by Plaintiff's counsel supports the reasonableness of the Settlement. As described herein,[41] prior to Settlement SCA interviewed the Class Representative about all aspects of his security guard position and learned about the job duties performed by the other guards at the site where he had been stationed for many years.[42] This included information about how Paragon's meal and rest break policies, its meal period agreement and time keeping practices were used at that site.[43] Plaintiff's counsel reviewed documents reflecting Paragon's policies and procedures such as employment manuals, time cards, meal break waivers, communications to Class Members, activity logs.[44] Plaintiff's counsel also reviewed the public records for information pertaining to Paragon's finances as well as the Federal agencies which rank amongst its clients.[45]

The terms of Settlement were negotiated at arm's length, over the course of several weeks in February 2010.[46] During the course of these negotiations, Plaintiff's counsel was provided with additional information pertaining to Paragon's business operations, the class claims and the company's proffered defenses thereto.[47] Defendant's inside counsel met in person with SCA's attorneys and answered questions about its employment policies, the composition of the class, and Paragon's financial condition.[48] The fact that this data was exchanged outside of formal discovery should not affect the Court's fairness analysis since, "[i]n the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement." *In re Mego,* 213 F.3d at 459 (internal citations omitted).

---

[41]    See infra Section II; see, also, infra Section IV.
[42]    Bainer Decl. ¶ 6-7.
[43]    Bainer Decl. ¶ 6-8.
[44]    Bainer Decl. ¶ 6.
[45]    Bainer Decl. ¶ 6-8.
[46]    Bainer Decl. ¶ 8.
[47]    Bainer Decl. ¶ 7-8.
[48]    Bainer Decl. ¶ 7.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

The end result of this work is a Settlement that experienced Plaintiff's counsel believes is a great result for the class. It commits Paragon to pay $885,410 in exchange for a limited release of class claims. Indeed, given the size of the class (approx. 450 class members) and the average hourly wage earned by class members during the class period ($23.93 per hour), the Settlement provides for the equivalent of one hour's average wage for *each* of the approximately 37,000 work weeks worked by Class Members during the class period. Plaintiff believes that such a Settlement is, under the circumstances, clearly fair, adequate, and reasonable and that it provides for reasonable compensation to Class Members. Likewise, Settlement Class members will receive a payment under the Settlement much quicker than if they pursued their claims through trial and appeal.

The distribution calculations to Class Members is fair, objective and will reasonably approximate the relative damages suffered by each Class Member. To wit, each Class Member who submits a claim for payment will receive a pro rata share of the Net Settlement Amount which is tied to the number of workweeks worked buy that Class Member in relationship the total number of workweeks worked by all Class Members who file timely claims. This proposed plan of distribution takes into account factors that would affect class member recoveries if this litigation were successfully concluded through judgment including the amount of time worked for Paragon.

**C.    The Payment To The Named Representative For His Service To The Class Is Reasonable And Routinely Awarded**

The payment of $5,000 to the Plaintiff is intended to recognize the time and effort he expended on behalf of the Class. Indeed, "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001), *quoting In Re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)). In this case, the Class Representative stepped forward and filed suit against his long-time employer despite fears of retaliation and the potential risk that he would face a substantial cost award if he was unsuccessful.[49]

---

[49]    Bainer Decl. ¶ 13.

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement: Memorandum of Points and Authorities in Support Thereof

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    Plaintiff remained in constant, almost weekly, contact with Plaintiff's counsel and answered

2    questions regarding Defendant's business operations, history, policies and procedures; indeed,

3    Plaintiff acted as a means by which SCA could confirm the accuracy of the data Defendant provided

4    before and during settlement negotiations.[50] Plaintiff was also unusually active in communicating

5    with members of the putative class.[51] Accordingly, the modest payment to the Plaintiff is appropriate

6    and justified as part of the overall Settlement.

7

8    **VII.    THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY
         DUE PROCESS**

9        **A.    THE CLASS NOTICE PACKAGE SATISFIES DUE PROCESS AND
             MEETS ALL OF THE ELEMENTS OF RULE 23(c)(2)(B)**

10

11        Rule 23(c)(2)(B) provides that the court must direct to class members the best notice

12   practicable under the circumstances, including individual notice to all members who can be

13   identified through reasonable effort. The notice should describe: (1) the nature of the action; (2) the

14   definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may

15   enter an appearance through counsel if the member so desires; (5) that the court will exclude from

16   the class any member who requests exclusion, stating when and how members may elect to be

17   excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). *See*

18   Fed. R. Civ. P. Rule 23(c)(2)(B). Courts have approved class notices even when they have provided

19   only general information about a settlement. *See, e.g., Mendoza v. United States*, 623 F. 2d 1338,

20   1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards); *In re*

21   *Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class Notice "need only

22   describe the terms of the settlement generally.").

23        The content of the proposed class notice package herein fully complies with due process and

24   Rule 23.[52] The notice package provides the definition of the Class, describes the nature of the action,

25

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

26   [50]    Bainer Decl. ¶ 14.

27   [51]    Bainer Decl. ¶ 14.
     [52]    The Notice of Proposed Class Action Settlement and Hearing Date For Court Approval ("Class

28   Notice") and Claim Form are attached as Exhibits "A" and "B", respectively, to the Settlement.

1  and explains the procedure for contesting data relied on for making payments under the Settlement.

2  The notice package provides specifics regarding the date, time, and place of the Final Fairness

3  Hearing, and informs Class members what their options are upon receiving the notice (i.e., opt out,

4  file a claim or object). it explains that the Settlement release will apply to their claims unless they

5  timely opt out from the Settlement. The proposed notice also informs the Class that the Settlement

6  amount will be used to compensate Plaintiffs' Counsel for the approved amount of costs and fees

7  and the class representative's approved enhancement award.[53]

8
9      **B.    THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE
       PROCESS BECAUSE THEY ARE CALCULATED TO GIVE ALL
10     SETTLEMENT CLASS MEMBERS NOTICE**

11         The Settlement contemplates that the Notice will be mailed individually by the Claims

12  Administrator to the last known address of Settlement Class members as identified through

13  Paragon's records within fourteen (14) calendar days of the entering of an Order granting

14  preliminary approval of the Settlement and Notice. Such a notice plan satisfies due process and Rule

15  23(c)(2)(B). The Claims Administrator will then mail to the last known address of class members as

16  provided by Paragon. The claims Administrator will perform a National Change of Address check

17  and will skip-trace any returned mail, in order to attempt re-mailing within five (5) days after receipt

18  of any returned mail.

19         The Class Notice provides instructions on how to opt-out. If a Settlement Class member

20  instead files a claim, payment will be made to him or her based on Paragon's records reflecting the

21  number of workweeks that Class Member worked. Should a class member wish to challenge

22  Paragon's records regarding weeks worked, as explained in the Notice, he or she will have the ability

23  to contest the data.

24         Settlement Class members will have forty-five (45) days from the date of mailing to submit

25  claims, opt-out requests, or to comment on or object to the Settlement. This is sufficient time to give

26

27  _____

28  [53]     The Settlement also provides for a reminder postcard to be mailed to the Settlement Class 15 days
    before the deadline to file claims. Settlement ¶ 9.1.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WAGEOVA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Settlement Class members the opportunity to comment on the Settlement. *Cf. Torrisi v. Tucson Elec. Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993) (approving Notice sent 31 days before the deadline for objections and 45 days before the hearing). The Notice and opt-out process are set forth in detail in Paragraphs 8.1 to 9.3 of the Joint Stipulation of Settlement.

**VIII.    THE PARTIES REQUEST THE COURT TO SET A FINAL
SETTLEMENT APPROVAL SCHEDULE**

The Parties recommend the following schedule, based on an Order Granting Motion For Preliminary Approval of Class Action Settlement and Class Certification being entered June 7, 2010:

| June 21, 2010 | Last Day for Claims Administrator to mail Settlement Notice and Claim Form to Class Members - 14 days from preliminary approval (Settlement ¶ 1.17) |
|---|---|
| July 21, 2010 | Claims Administrator to mail Reminder Postcard to Class Members who have not yet respond (Settlement ¶ 9.1) |
| August 5, 2010 | Last Day for Class Members to file a Claim, Opt-Out, or Object to the Settlement – 45 days from the Mailing of Notice (Settlement ¶ 9.1, 8.3.1.3, 8.5, respectively) |
| August 20, 2010 | Moving Papers in Support of Final Approval of Settlement and Fee Application Due |
| August 23, 2010 | Parties Deadline to File Responses to Objections, if any - 7 days before Final Approval Hearing (Settlement ¶ 11.6) |
| August 30, 2010 | Final Approval Hearing |

**IX.    CONCLUSION**

Based on the foregoing, and because the settlement is beneficial to the Class Members and will efficiently, economically and favorably resolve what would have been an otherwise protracted and expensive litigation, Plaintiffs respectfully urge the Court to grant the proposed Order Granting Preliminary Approval of Class Action Settlement in its entirety.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   Dated: May 3, 2010                    **SCOTT COLE & ASSOCIATES, APC**

2

3                              By:    /s/ Matthew R. Bainer, Esq.

4                                     Matthew R. Bainer, Esq.
                                      Attorneys for the Representative Plaintiff
5                                     and the Plaintiff Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Approval of Class Action Settlement: Memorandum of Points and Authorities in Support Thereof